[See Case No. 6,730.]

---

## Case No. 6,730.

### In re HOUGHTON.

[2 Lowell, 328; [1] 10 N. B. R. 337.]

District Court, D. Massachusetts. July, 1874.

BANKRUPTCY—CREDITOR'S RIGHT TO OBJECT.

1. A creditor has no absolute right to appear and oppose the discharge of a bankrupt, after the return-day of the order to show cause, though the proceedings may have been adjourned for other purposes.

2. But it is within the power of the court to permit opposition to be made at any time before the discharge is granted.

[Cited in Re Jacobs, Case No. 7,160.]

3. If a creditor who has duly filed specifications of opposition to the bankrupt's discharge is about to withdraw them, there may often be good reason to permit other creditors to carry on the opposition.

[Cited in Re Antisdell, Case No. 490.]

[In bankruptcy. In the matter of S. S. Houghton.]

C. P. Hinds, for objecting creditor.

J. O. Teele, for bankrupt.

LOWELL, District Judge. A creditor having the requisite qualifications filed his objections to the discharge of the bankrupt in due season, and now, after the time has passed for creditors to appear, another creditor asks leave to enter his appearance, and

---

1 [Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission.]

to be heard in support of those objections, if the original objector should decline to prosecute.

It is often highly expedient that such action should be taken, if it can legally be done. A judgment upon the question of the bankrupt's right to his discharge is a sort of judgment in rem, which establishes a status, that of a discharged or undischarged bankrupt, as the case may be, by which all persons interested are bound. In this respect it has much analogy to the petition by a creditor to have his debtor adjudged a bankrupt, in which proceeding our statute says that any creditor may come in and prosecute. Under the bankrupt act of 1841 [5 Stat. 440], and under the insolvent law of Massachusetts, neither of which contained any such express permission, it was held that from the nature of the case it was within the power of the court to authorize a new creditor to come in. Foster v. Goulding, 9 Gray, 50. And such is said to be the law of England. Avery & H. Bankr. p. 346. It may be said that the analogy fails in this, that if a creditor could not come in to support a petition, he could immediately file a new one; but this is not an important distinction. One of the reasons for granting the application in Foster v. Goulding was, that it was too late to file a new petition.

Under section 5120 of the Revised Statutes any creditor may file a petition to have the discharge set aside for any frauds that were not known to him when the discharge was granted. This section has not often been construed. If it means literally that knowledge acquired before the date of the discharge will be an answer to the petition to annul it, then, I think, the court should be very slow to refuse a creditor the right to come in after the regular time and before the discharge is granted, if he had then first acquired the knowledge. My own impression is that the statute means knowledge acquired before the time for opposing the discharge; for that is the only time when a creditor is notified to make opposition. But if the other view should prevail, and section 5120 be taken literally, then there would be an absolute bar to a petition to set aside the discharge, although there had been no opportunity for the creditor to be heard.

I see that it has been decided that a creditor may appear not only on the return-day, but at any time to which the proceedings have been adjourned for any purpose. In re Seabury [Case No. 12,573]. This decision meets the difficulty sufficiently, and would admit the petitioner in this case; but it seems to me repugnant to the directions of rule 24 that the appearance shall be entered on the day when creditors are required to show cause, and that the specifications shall be filed within ten days thereafter, unless the time shall be enlarged by order of the district court. I have decided in one case that the discretion of

the court to enlarge the time extends to the time for appearance, as well as to that for filing the specification, and may be exercised after the time has expired, as well as before; but I do not think it can be laid down as matter of law that the day when creditors are required to show cause means any day to which the proceedings may have been adjourned for other purposes. But I do think that the rule intends that the court should have power to enlarge the time whenever there is good cause shown for it. The distinction is between an absolute right imposing a corresponding duty upon the court, and a discretionary power to be exercised only upon cause shown.

I am further of opinion that there may often be good cause to permit a creditor to take up the opposition which another is about to relinquish. The practical consideration in this connection is, that a creditor, intending to oppose the discharge, may find that this duty has been assumed by another creditor; he examines the specifications, and considers them sufficient; perhaps he consults with that creditor, and finds him determined to prosecute the case. Suddenly he finds that the opposition is to be waived. This is the history of many cases. Opposition is very often withdrawn, and then the court can do nothing except to inquire ex parte whether any pecuniary consideration has been paid to the opposing creditor contrary to section 5110, cl. 8. This safeguard amounts to nothing. It is probable that cases are settled every day in which that part of section 5110 is evaded; though no one undertakes to prove it, and the court cannot ascertain it. It is certain that creditors do oppose, for the purpose of obtaining an advantage; and I am afraid they often receive what they desire in some form, perhaps not technically open to objection. A creditor who is doing that would discourage others from coming in, because he would not care to share his advantages with them.

The statute prescribes no time within which the specifications are to be filed, but leaves that matter to be regulated by the supreme court; and the rule of court, as we have seen, gives a power to enlarge the time. There are reasons and analogies in favor of its enlargement, whenever the substantial rights of creditors will be hazarded by the settlement of the case by one creditor, who is in truth the representative of all the creditors.

I will not undertake at this time to lay down any rules for the application of this discretionary power. A great variety of circumstances may be found in the different cases. But it is obvious that among them may be the fact that the debtor has bought off the original objecting creditor after the time for filing specifications has passed; and this could not have been availed of before it occurred. No doubt many other cases

may call for the exercise of the power. As the only question argued in this case was its existence, and the particular reasons for exercising it were not set out, I give ten days to the creditor to file an affidavit or affidavits, setting forth such reasons as he may have why he should be permitted to appear and oppose the discharge at this time.

Since the decision of this case, it has become the practice, in this district to admit a creditor to support specifications already filed by another creditor, almost as of course, upon a suggestion that the opposition is to be withdrawn.