LEVI v. UNION INS. CO. See Case No. 8,-290.

LEVI DEARBORN, The (WOODRUFF v.). See Case No. 17,987.

LEVI DEARBORNE, The (WOODRUFF v.). See Case No. 17,988.

———

## Case No. 8,291.

### In re LEVIN.

[7 Biss. 231;[1] 14 N. B. R. 385.]

Circuit Court, N. D. Illinois. July 12, 1876.

#### CONSTRUCTION OF RULE 24.

The district court has discretion to enlarge the time for entering appearance and filing specifications in opposition to discharge as well after, as before the expiration of the time allowed by the rule.

[In review of the action of the district court of the United States for the Northern district of Illinois.]

On February 16, 1876, the bankrupt [Lewis Levin] filed his petition for discharge. March 25 following was assigned for the hearing of the petition, and no opposition being on file the case was referred to the register to report as to the regularity of the proceedings. On the same day the bankrupt made his final oath before the register according to the statute. On April 3, William A. Hubbard, a creditor, who had duly proved his claim, entered his appearance in opposition to the discharge of the bankrupt, and on April 6 the bankrupt moved to strike the appearance from the files. On the same day Hubbard asked leave to file his specifications in opposition to the discharge. To this the bankrupt objected on the ground that the appearance and specifications were not filed in time, under the twenty-fourth rule in bankruptcy. The district court, however, overruled the motion of the bankrupt, and allowed Hubbard to file specifications in opposition to the discharge within four days. The bankrupt thereupon filed a petition of review in the circuit court.

---

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

Becker & Dale, for objectors.
Shorey & Shaffner, for bankrupt.

DRUMMOND, Circuit Judge. The 24th rule in bankruptcy requires that any creditor opposing the discharge of the bankrupt shall enter his appearance in opposition thereto, on the day when the creditors are required to show cause; and shall file his specification of the ground of opposition in writing within ten days thereafter, unless the time shall be enlarged by the district court. More than ten days had elapsed from the 25th day of March before Hubbard asked leave to file specifications, and his appearance had not been entered on that day, as strictly speaking it should have been.

It was claimed on the part of the bankrupt that the rule is absolute in its terms, and that if ten days had elapsed before the filing of specifications or before application had been made for an enlargement of the time, the power of the district court to exercise the discretion therein referred to had ceased to exist; and such is claimed to be the opinion of the court in some cases cited. But this is too narrow a construction of the rule. The district court had the discretion to enlarge the time as well after the expiration of the time as before. In equity, when a discretion is given to the court, it has been uniformly exercised as well after as before the time designated, and in the present case there was no reason why this rule should not be followed.

[In this case, the bankrupt had not been discharged. It was competent for the district court, under the circumstances, to enlarge the time in which appearance and opposition to discharge by specifications might be filed. There is no complaint made against the exercise of its discretion in the decision made by the court, but the claim is that it had no authority to extend the time. For aught that appears, the district court had good reasons for enlarging the time for filing appearance and specifications.][2]

The demurrer to the petition is sustained, and the order of the district court affirmed.