## In re GINSBURG.

### (District Court, E. D. Pennsylvania. June 10, 1904.)

### No. 1,876.

1. BANKRUPTCY—OPPOSITION TO DISCHARGE—ENTRY OF APPEARANCE.

   Under general order in bankruptcy No. 32 (89 Fed. xiii), requiring creditors opposing a discharge to enter an appearance on the return day fixed by the order to show cause and to file a specification of their objections within 10 days thereafter, a creditor has no right to enter an appearance after return day, and should not be allowed to do so except for good cause shown in excuse of the delay.

2. DELAY—SPECIFICATION OF OBJECTIONS—SUFFICIENCY.

   A specification of objections to the discharge of a bankrupt on the ground that he, with fraudulent intent to conceal his true financial condition, failed to keep books of account, is sufficient if made in the language of the act, but specifications on the ground of his transfer or concealment of property or the making of a false oath must set out the facts relied on.

¶ 1. See Bankruptcy, vol. 6, Cent. Dig. § 712.

In Bankruptcy. On exceptions to specification of objections to discharge.

Furth & Singer and Alex. J. Brian, for bankrupt.
Conard & Middleton, for objecting creditors.

HOLLAND, District Judge. On April 13, 1904, Hyman Ginsburg presented a petition to this court asking that he be discharged, and thereupon the court made an order, returnable May 4th, upon all creditors and other persons in interest to appear and show cause, if any they have, why the prayer of the petitioner should not be granted. There was no appearance on the day when the creditors were required to show cause, and none thereafter until May 13th, when an appearance was entered, and specifications in opposition to the bankrupt's discharge filed as follows:

"(1) That Hyman Ginsburg, bankrupt, with fraudulent intent to conceal his true financial condition, and in contemplation of bankruptcy, failed to keep books of account or records from which his true condition might be ascertained. (2) That the said Hyman Ginsburg, within four months immediately preceding the filing of the petition, transferred, removed, destroyed, or concealed, or permitted to be removed, destroyed, or concealed, portions of his property, with intent to hinder, delay, and defraud his creditors. (3) That the said Hyman Ginsburg concealed, while a bankrupt, from his trustee, property belonging to the estate of bankrupt. (4) That the said Hyman Ginsburg has made a false oath and account in and to the amount of his assets while under examination before the referee."

On May 19th a motion was filed to dismiss these exceptions for the reason that no appearance was filed by the creditor, as required by general order 32 (89 Fed. xiii), and, second, because the specifications are vague, general and indefinite. General order No. 32 provides that:

"A creditor opposing the application of a bankrupt for his discharge, or for the conformation of a composition, shall enter his appearance in opposition thereto on the day when the creditors are required to show cause, and shall file a specification in writing of the grounds of his opposition within ten days thereafter, unless the time shall be enlarged by special order of the judge."

It is evident from the language of this general order that it was intended the appearance of objecting creditors, or other persons interested, should be entered on the day upon which they were required to show cause, as upon that day the court passes upon the right of the petitioner to be discharged, and will enter such a decree if no objecting creditor appears. Collier on Bankruptcy (4th Ed.) p. 161, says:

"On the call of the case on the return day, if no appearance is entered or appearance filed, and the statutory facts as to time, publication, and mailing, etc., appear, a discharge follows. The judge does not, as a rule, investigate further."

In this case there is no reason whatever assigned for the delay in entering an appearance for the creditors, except the oral explanation that the attorneys understood it to be the practice of this court to permit appearances to be entered any time before the 10 days mentioned in the general order for the filing of specifications expire. It is obvious that the language of the general order requires that the

appearance should be entered on the return day, and a failure to do so precludes objecting creditors from filing exceptions to a discharge thereafter, even though they be filed within the 10 days. The order was made to be observed. It is true, however, that heretofore in this district the appearance for objecting creditors has not been uniformly filed or entered on the day required by the order, but has frequently been allowed within 10 days thereafter. The court is not inclined to dismiss these exceptions for this reason in view of the possibility of the exceptants being misled by this general practice.

Coming to the second ground for exception, we find that the second, third, and fourth specifications or objections must be dismissed for the reason that they are fatally defective in failing to specify what property was transferred, removed, destroyed, and canceled, or wherein the said Ginsburg made a false oath as to the amount of his assets while under examination before the referee. As to the first specification, alleging that the bankrupt, with fraudulent intent, etc., in contemplation of bankruptcy, failed to keep books of account or records from which his true condition might be ascertained, we think this is sufficient. This is charged in the language of the act, and states all that is required in setting it forth. No further particulars could be given. In re Patterson (D. C.) 121 Fed. 921.

The appearance of the attorney for objecting creditor allowed nunc pro tunc; the demurrer to the first specification overruled, and sustained as to the second, third, and fourth.