In re GRANT.

(District Court, E. D. Pennsylvania. March 9, 1905.)

No. 1,953.

BANKRUPTCY—OPPOSITION TO DISCHARGE—ENTRY OF APPEARANCE.
General Order in Bankruptcy No. 32 (89 Fed. xiii), requiring creditors opposing a discharge to enter an appearance on the return day fixed by the order to show cause, allows a later filing, if at all, only on good cause shown for the delay.

In Bankruptcy. Refusing to extend time for entering appearance and filing specifications.

Greenwald & Mayer, for bankrupt.

Richard L. Ashhurst and Rowland Evans, for objecting creditor.

HOLLAND, District Judge. The alleged bankrupt made application on January 26, 1905, for his discharge. All creditors were notified to show cause, if any they had, against said discharge on February 16, 1905, at 10 o'clock a. m. On February 27, 1905, the referee issued a certificate of conformity by the bankrupt, and the same day a creditor filed specifications of objections to the bankrupt's discharge; also a petition asking for an extension of time for the purpose of taking further testimony of the bankrupt, and preparing specifications of opposition to his discharge. No appearance was entered until the latter date, which was 11 days after the day fixed for a hearing on the rule to show cause. The specifications filed are very general in their terms, and do not set forth any reason specified in the act which would prevent a discharge. General Order No. 32 (89 Fed. xiii) provides:

"A creditor opposing the application of a bankrupt for his discharge, or for the confirmation of a composition, shall enter his appearance in opposition thereto on the day when the creditors are required to show cause, and shall file a specification in writing of the ground of his opposition within ten days thereafter, unless the time shall be enlarged by special order of the judge."

It will be noted that the requirement to enter an appearance by any creditor in opposition to a discharge "on the day when the creditors are required to show cause" is without qualification as to an extension of time allowed for any reason, and the fact that the power to extend the time in this connection is pointedly omitted, and in the following sentence, as to the filing of specifications, the judge is authorized, in his discretion, to enlarge or extend the time for cause shown, would indicate that the meaning of the order as to the appearance of counsel should invariably be entered not later

than on the day of the hearing on the rule to show cause. Why should this not be so? Surely there is no hardship in requiring the creditor's counsel to go to the clerk's office and enter his appearance. It requires no preparation to perform this mere act of filing a paper directing the clerk to make this entry, and as the application in this case for his discharge was made on the 26th day of January, and not returnable until the 16th day of February, 1905, there was ample time for counsel to visit the clerk's office for the purpose of entering an appearance. Instead, however, of complying with this requirement, the appearance was not entered until February 27th, 11 days after the return day on the rule to show cause. This question was considered by this court before, and we held that:

"Under General Order in Bankruptcy No. 32, requiring creditors opposing a discharge to enter an appearance on the return day fixed by the order to show cause and to file a specification of their objections within ten days thereafter, a creditor has no right to enter an appearance after return day, and should not be allowed to do so except for good cause shown in excuse of the delay." In re Ginsburg (D. C.) 130 Fed. 627.

We see no reason why the rule that an appearance must be entered on the day when the creditors are required to show cause shall be departed from.

The petition for an extension of time to file specifications of objections is therefore refused, the specifications filed are stricken from the record, and the discharge of the alleged bankrupt is granted.