## In re NATHANSON.

(District Court, E. D. New York. March 14, 1907.)

BANKRUPTCY—APPLICATION FOR DISCHARGE—AMENDMENT OF SPECIFICATIONS OF OBJECTION.

> Rule 32 in bankruptcy does not operate as a statute of limitations to prevent the court from permitting creditors to file amended specifications of objection to a bankrupt's discharge after the expiration of 10 days, in its discretion.

In Bankruptcy. On motion for leave to file amended specifications of objection to discharge.

Joseph S. Rosalsky, for objecting creditors.
Slade & Slade, for bankrupt.

CHATFIELD, District Judge. Jacob Nathanson was adjudicated a bankrupt in February, 1906. At various times thereafter the bankrupt attended before the referee in bankruptcy, and was examined by the attorney for the creditors, and on the 20th of November, 1906, filed an application for discharge. On the return day objections were filed by certain of the creditors, and specifications thereunder were referred to the referee in bankruptcy as special master for hearing.

Counsel for the bankrupt has objected in writing and orally to the various specifications, and has submitted a brief to the special master. Two of the specifications have been withdrawn, and the special master has not passed upon the objections to the others now before him for consideration.

At this stage in the proceeding the attorney for the objecting creditors has made a motion for leave to file amended specifications, a copy of which he has submitted with his moving papers. The attorney for the bankrupt opposes the application to file amended specifications, upon the ground that, under rule 32, creditors opposing a bankrupt's discharge must file their specifications in writing within 10 days, unless such time is extended by a special order of the judge. No such order having been made, and the 10 days having expired, it is now claimed that the court has no jurisdiction to allow the amended specifications to be filed; and the attorneys for the bankrupt set forth generally various reasons why, in their opinion, the proposed amended specifications are insufficient and lacking in persuasiveness. It does not seem to the court that the latter questions should be considered at the present time. If the amended specifications are to be held no better than the original, the referee in bankruptcy as special master is the proper person to consider the various reasons urged therefor. Inasmuch as he has not reported, and inasmuch as justice to the creditors, as well as to the bankrupt, is the purpose of the law, all valid objections should be presented to the special master. There has been no such laches on the part of the objecting creditors as to make it appear that they were disregardful of or waived their grounds of objection, and it does not seem to the court that the rights of any one will be prejudiced if the amended specifications should be sent to the master. If a separate order extending the time to file specifications should be necessary, this could be entered nunc pro tunc. It does not seem that rule 32 is intended to have the effect of a statute of limitations, and to put the matter beyond the court's control.

The application for leave to file amended specifications will be granted, and they will be referred to the referee, as special master, to hear and report, in conjunction with those heretofore filed.