## In re LEVIN.

(Circuit Court of Appeals, First Circuit. February 24, 1910.)

### No. 848.

1. BANKRUPTCY (§ 413*)—DISCHARGE—TIME FOR ENTERING APPEARANCE IN OPPOSITION—POWER OF COURT TO EXTEND.

Under General Orders in Bankruptcy No. 32 (89 Fed. xiii, 32 C. C. A. xxxi), which provides that "a creditor opposing the application of a bankrupt for his discharge * * * shall enter his appearance in opposition thereto on the day when the creditors are required to show cause, and shall file a specification in writing of the grounds of his opposition within ten days thereafter, unless the time shall be enlarged by special order of the judge," the judge may, in his discretion, extend the time for entering an appearance as well as for filing the specification, and may do so after the time has expired, as well as before.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 712, 713; Dec. Dig. § 413.*]

2. BANKRUPTCY (§ 4*)—CONSTRUCTION OF ACT—FOLLOWING CONSTRUCTION OF PRIOR ACT.

Where provisions of the bankruptcy act of 1867 (Act March 2, 1867, c. 176, 14 Stat. 517) or of the general orders for carrying it into effect were construed by the courts, a court is justified in giving the same construction to similar provisions in the present act or orders.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 3, 4; Dec. Dig. § 4.*]

Petition to Revise Order of the District Court of the United States for the District of Massachusetts, in Bankruptcy.

In the matter of William I. Levin, bankrupt. The Crane Company obtained leave to file objections to discharge. On petition by bankrupt to revise. Dismissed.

David Stoneman, for petitioner.

William C. Rogers, for respondent.

Before COLT, PUTNAM, and LOWELL, Circuit Judges.

LOWELL, Circuit Judge. This petitioner filed his voluntary petition in bankruptcy April 7, 1908, and on that day he was adjudged a bankrupt. On August 28, 1908, he filed a petition for discharge, and an order of notice was issued thereon, returnable September 14th. On the last-mentioned day the referee filed a request, addressed to the District Judge in the form used for that purpose, as follows:

"Not having as yet sufficient information upon which to make report upon the bankrupt's application for discharge as requested. I hereby request that the hearing upon the same be continued."

On March 25, 1909, an attorney entered his appearance for a creditor of the bankrupt, apparently to object to the latter's discharge. On that day he moved for leave to file specifications of objection. This seems to have been treated as a motion for an extension of time based upon general order 32 (89 Fed. xiii, 32 C. C. A. xxxi). The motion was set down for hearing on March 29th, and on that day was denied by order of the court. On October 14, 1909, the same creditor moved

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

again for leave to file specifications of objection to discharge. This motion was set down for hearing on October 18th, when it was granted, and the time for filing specifications was extended to October 25th. On October 23d the objection to the discharge, with specifications, was filed by the creditor. Thereupon the bankrupt brought a petition un- der section 24b of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 553 [U. S. Comp. St. 1901, p. 3432]), to revise the action of the District Court in matter of law. The order and dates of the proceed- ings above mentioned are stated in a copy of the bankruptcy docket which is contained in the record. The precise forms employed in the various motions and orders have not been shown to us, and to some ex- tent we are obliged to conjecture them.

The sole question here presented concerns the authority of the Dis- trict Court to enlarge the time for entering a creditor's appearance in opposition to the bankrupt's discharge, and for filing specifications to the same end. The motion for an extension of time was here filed more than 10 days after the return day. General order 32 in bank- ruptcy reads as follows:

"A creditor opposing the application of a bankrupt for his discharge, or for the confirmation of a composition, shall enter his appearance in opposition thereto on the day when the creditors are required to show cause, and shall file a specification in writing of the grounds of his opposition within ten days thereafter, unless the time shall be enlarged by special order of the judge."

The petitioner contends that this order limits the entry of the cred- itor's appearance in opposition to the discharge to the return day itself, without authority in the court to extend the time for any cause what- soever. The petitioner contends further, and in the alternative, that even if the time of entry may be extended somewhat, yet no extension can be granted unless the creditor's motion for an extension shall have been filed within 10 days after the return day. The respondent cred- itor, on the other hand, contends that to grant an extension of time, both for appearance and for filing specifications, is within the discre- tion of the court, and that this discretion may be exercised at any time before the discharge is granted. The petitioner contends that the phrase "unless the time shall be enlarged by special order of the judge" applies only to the clause immediately preceding it, "and shall file a specification in writing," etc., and that the judge has no discretion con- cerning the time of the creditor's "appearance in opposition thereto."

General order 32 under the bankruptcy act of 1898 is substantially the same as general order 24 under the bankruptcy act of 1867. Under the order last mentioned Judge John Lowell, sitting in the court of bankruptcy for the district of Massachusetts, admitted the appearance of a creditor after the time for filing specifications had expired, and said, in a carefully considered opinion:

"I have decided in one case that the discretion of the court to enlarge the time extends to the time for appearance, as well as to that for filing the specifi- cation, and may be exercised after the time has expired, as well as before. * * * But I do think that the rule intends that the court should have power to enlarge the time whenever there is good cause shown for it. The distinction is between an absolute power imposing a corresponding duty upon the court and a discretionary power to be exercised only upon cause shown." In re Houghton, 2 Low. 328, 330, Fed. Cas. No. 6,730.

In the United States Circuit Court, sitting in review of the action of the District Court for the Northern District of Illinois, Judge Drummond held to the same effect, and held expressly that the court of bankruptcy had authority to extend the time for entering objection and filing specifications, although the 10 days had already passed. In re Levin, Fed. Cas. No. 8,291, 14 N. B. R. 385. To the same effect is In re Filley, 2 Cent. Law J. 419, decided by Judge Dillon in the Circuit Court. These cases, long acquiesced in, though decided only by Circuit and District Courts, have a peculiar authority in the interpretation of a statute or of rules of court. Logan v. United States, 144 U. S. 263, 304, 12 Sup. Ct. 617, 36 L. Ed. 429; Audubon v. Shufeldt, 181 U. S. 575, 578, 21 Sup. Ct. 735, 45 L. Ed. 1009. By the weight of the judges who decided them, as well as by their conformity to reason and convenience, they are persuasive upon us. The practice thus laid down has been approved by text-books. Bump on Bankruptcy (10th Ed.) 276, 277; Loveland (3d Ed.) 794. That we are justified in interpreting the present bankruptcy act and general orders by reference to like language in the act of 1867 and in the general orders framed to carry it out appears plainly from opinions rendered by the Supreme Court. Audubon v. Shufeldt, ubi supra; Hiscock v. Mertens, 205 U. S. 202, 211, 27 Sup. Ct. 488, 51 L. Ed. 771; York Mfg. Co. v. Cassell, 201 U. S. 344, 352, 26 Sup. Ct. 481, 50 L. Ed. 782; First National Bank v. Title & Trust Co., 198 U. S. 280, 289, 25 Sup. Ct. 693, 49 L. Ed. 1051. Of the cases decided under the present act which were cited by the petitioner none denies altogether to the court of bankruptcy a discretion to extend the time for entering an appearance and filing specifications in opposition to the bankrupt's discharge. Some of them expressly recognize it. Under the act of 1867 (Act March 2, 1867, c. 176, 14 Stat. 517) some cases held that the creditor's right to appear in opposition to the discharge was extended automatically by a continuance of the hearing upon the discharge. In re Seabury, Fed. Cas. No. 12,573; In re Tallman, Fed. Cas. No. 13,740. As we dismiss this petition for revision upon other grounds, we need not discuss the question thus suggested.

It is true that the bankruptcy act of 1898 seeks a speedy procedure in all matters, including discharge; so did the act of 1867. Wiswall v. Campbell, 93 U. S. 347, 350, 23 L. Ed. 923. Section 14 of the present act is careful to prescribe a hearing upon the application for discharge wherein all parties interested may have opportunity to be heard. "The judge shall hear the application for a discharge, and such proofs and pleas as may be made in opposition thereto by parties in interest, at such time as will give parties in interest a reasonable opportunity to be fully heard, and investigate the merits of the application, and discharge the applicant unless he has" done certain things. This is language somewhat unusual, in that it requires the judge to make investigation for himself, as well as to hear the parties in interest. To this end, the referee is required in the Massachusetts district to make investigation and to report to the judge concerning discharge, whether objections are entered by a creditor or not. The language above quoted does not precisely cover the point here raised, but it suggests that the independent investigation by the judge may be assisted in his discretion by the admission of creditors to state their objections.

Again, the act contemplates a speedy examination of the bankrupt, within 30 days at the longest; but experience has shown that this examination, whenever begun, may occupy months, and may continue after the application for discharge has been filed. Objection to the bankrupt's discharge by a creditor is commonly founded upon the bankrupt's examination, and upon that of accompanying witnesses. Until that examination is concluded, specifications of objection cannot ordinarily be framed, and until then the creditor is often unable to state whether he has cause or wish to oppose the bankrupt's discharge. If the petitioner's contention be adopted, every creditor who would preserve his rights must, on the return day, file his appearance in opposition to the bankrupt's discharge as a measure purely precautionary, not knowing at the time of filing whether he really has any objection or not, and what, if any, his objections may be. This requirement might well be prejudicial to an honest debtor. For months the records of the court of bankruptcy might thus contain objections to his discharge which were not based upon any real intention to oppose it, or upon knowledge of any ground for opposition, but were entered only as a necessary precaution to preserve the rights of a creditor. Suspicion would thus be excited which might seriously damage the bankrupt's prospects. Considering that the grammatical construction of general order 32 leans no more to the petitioner's contention than to that of the respondent, considering the general convenience of the parties which rules are made to guard and to serve, considering the construction put upon the language by eminent judges, a construction acquiesced in by suitors, and accepted by treatises on Bankruptcy, we are of opinion that the authority of the District Court was sufficient, and that the petition to revise should be dismissed, with costs.

Let there be a decree that the petition be dismissed, with costs for the respondent.