## In re BRECHER.

(Circuit Court of Appeals, Second Circuit. January 19, 1925.)

No. 148.

**1. Bankruptcy �köm22—General orders given same effect as statute.**

General orders framed by Supreme Court under Bankruptcy Act, § 30 (Comp. St. § 9614), are to be regarded as is the statute itself.

**2. Bankruptcy ⊂⊃22—Construction of statutory regulations of administrative nature should be uniform over entire country.**

Construction of statutory regulations of administrative nature should be uniform over the entire country.

**3. Bankruptcy ⊂⊃413(2)—Court has discretionary power to permit filing of specifications in opposition to discharge more than 10 days after creditor's appearance in opposition to discharge.**

Bankruptcy court has discretionary power to permit filing of specifications in opposition to discharge more than 10 days after creditor's appearance in opposition to discharge, notwithstanding General Order No. 32, providing for filing of specifications within such period, but such discretionary power should not be used to condone negligence or encourage sloth.

Petition to Revise Order of, and Appeal from, the District Court of the United States for the Southern District of New York.

In the matter of Pincus Brecher, bankrupt. From an order permitting and directing a filing of creditor's specifications in opposition to discharge, nunc pro tunc as of the proper day, the bankrupt appeals. Affirmed.

Archibald Palmer, of New York City, for appellant.

Kaye, McDavitt & Scholer, of New York City, for respondent.

Before ROGERS, HOUGH, and HAND, Circuit Judges.

PER CURIAM. The bankrupt applied for a discharge. The respondent creditor appeared in opposition. Owing to what the court below evidently regarded as the excusable negligence of a clerk, the specifications in opposition to discharge were offered for filing 48 hours after the expiration of the 10 days allowed by General Order 32. Thereupon the judge sitting in bankruptcy granted an order permitting and directing the filing of the creditor's specifications nunc pro tunc as of the proper day. The appeal attacks the validity of that order.

[1] The general orders were framed by the Supreme Court under the authority of section 30 of the Bankruptcy Act (Comp. St.

§ 9614), and are to be regarded as is the statute itself. The thirty-second order declares that a creditor opposing discharge "shall file a 'specification in writing of the grounds of his opposition within ten days" after entering his appearance in opposition. The nunc pro tunc order here complained of is a matter of no importance. The real and only point is whether the bankruptcy judge had even discretionary power to permit the filing of specifications more than 10 days after creditor's appearance in opposition to discharge.

[2] One of the most important matters in bankruptcy is that the construction of the various statutory regulations of an administrative nature shall be uniform over the entire country. The particular matter at bar has, so far as we can learn, been considered by only one Circuit Court of Appeals, viz. that of the First Circuit, in Re Levin, 176 F. 177, 99 C. C. A. 531, and in a very full opinion it was held that such discretionary power existed. The only District Court decision within this circuit is to the same effect. In re Nathanson (D. C.) 152 F. 585. Other decisions are collected in Remington, § 3201.

[3] We are not disposed to differ with the case first cited. But holding, as we now do, that the matter is discretionary, and that no abuse of discretion is shown in the present instance, we insist upon observation of the language of McPherson, J., in Re Clothier (D. C.) 108 F. 199, declaring the "General Order 32 should be strictly complied with, and failure so to do will only be excused when excellent reasons therefor are shown to the court." The discretionary power recognized should never be used to condone negligence or encourage sloth.

The order is affirmed.