In re RERAT.

(District Court, D. Minnesota, Fourth Division. February 24, 1926.)

1. Bankruptcy ⊜413(1)—Court has discretion to extend time for creditors to appear in opposition to bankrupt's discharge, after expiration of time limited by Supreme Court rule, but rule should be relaxed only in exceptional cases (General Order No. 32; Bankruptcy Act, § 30 [Comp. St. § 9614]).

Court has discretion to extend time within which creditors may appear in opposition to bankrupt's discharge, even after expiration of limit provided in General Order No. 32, promulgated under Bankruptcy Act, § 30 (Comp. St. § 9614); but rule should be strictly adhered to, and relaxed only in very exceptional cases, on good cause shown.

2. Bankruptcy ⊜413(2)—Bankrupt's conduct in having many small claims filed on last date for filing objections to discharge, which was date of voting on authorizing trustee to object, held to require extending time for filing objections.

Where attorney hired by bankrupt, for purpose of surprising creditors opposing discharge, withheld filing of many small claims to be voted for discharge, until day on which creditors voted whether to authorize trustee to oppose discharge, which was also last date to file objections under General Order No. 32, justice required extending time for filing objections to discharge.

In Bankruptcy. In the matter of Eugene A. Rerat, individually and trading as the Rerat Tire Sales Company, bankrupt. On order to show cause, obtained by the bankrupt, requiring the Falls Rubber Company and others to show cause why a previous order obtained by them should not be set aside and vacated, and all appearances, specifications, and proceedings had on account thereof be stricken from the record. Previous order reaffirmed, and order to show cause discharged.

Joss, Ohman, Fryberger & Parker, of Minneapolis, Minn., for Falls Rubber Co. and Fisk Tire Co., Inc.

Henderson, Stiles & Gates, of Minneapolis, Minn., for Michelin Tire Co.

Harold W. Cox, of Minneapolis, Minn., for bankrupt.

MOLYNEAUX, District Judge. This matter comes up on an order to show cause, obtained by the bankrupt herein, requiring the Falls Rubber Company, the Fisk Tire Company, Inc., and the Michelin Tire Company, to show cause why an order made by this court on the 3d day of February, 1926, should not be set aside and vacated, and all appearances, specifications, and proceedings had on account of said order be stricken from the records.

The previous order referred to was entered on the 3d day of February, 1926, on the application and showing made by the three creditors above referred to, and read as follows:

"It is ordered that the time for filing notices of appearance in the above matter on the part of creditors of the above named bankrupt be and the same is hereby extended to and including the 6th day of February, 1926. It is further ordered that time for filing specifications of objections be and the same is hereby extended to the 20th day of February, 1926."

Two questions are raised here, and presented for the consideration of the court: First, is it discretionary with the court to extend the time to permit creditors to enter an appearance 11 days after the return day? And, if so, second, does the showing that has been made justify the court in exercising its discretion in favor of such creditors?

[1] The authorities seem unanimous to the effect that it is within the discretion of the court, for good cause shown, to extend the time within which a creditor may enter his appearance in opposition to a bankrupt's discharge, even after the expiration of the limit as provided in General Order No. 32. In re Levin, 176 F. 177, 99 C. C. A. 531, 23 Am. Bankr. Rep. 845; In re Grant (D. C.) 135 F. 889; In re Ginsberg (D. C.) 130 F. 627; In re Young (D. C.) 162 F. 912.

General Order 32 reads: "A creditor opposing the application of a bankrupt for his discharge, or for the confirmation of a composition, shall enter his appearance in opposition thereto on the day when the creditors are required to show cause, and shall file a specification in writing of the grounds of his opposition within ten days thereafter, unless the time shall be short-ened or enlarged by special order of the judge."

This is a procedural order of the Supreme Court, pursuant to section 30 of the Bankruptcy Act (Comp. St. § 9614), which provides: "That all necessary rules, forms, and orders as to procedure and for carrying this act into force and effect shall be prescribed, and may be amended from time to time, by the Supreme Court of the United States."

The power of the court to extend the time for the objecting creditor to appear and plead in opposition to the discharge of the bankrupt is analogous to the well-established rule that courts may enlarge and extend the time to plead in ordinary lawsuits, when the time to plead is fixed by statute. If the court has discretionary power to extend the time to plead, when the time is fixed by statute, it seems it would also have the same power when the time is limited by a rule of court.

The rule permitting such extension seems to have been in use in the various circuits, and no authority to the contrary has been cited, although such extensions are reluctantly given, and only upon a strong showing and under exceptional circumstances. I am constrained to hold in the present case that the circumstances here justly require the court to extend the time for the creditors to appear and file their specification of objections. The rule prescribed by the Supreme Court should be very uniformly and strictly adhered to, and only relaxed in very exceptional cases. It has been so strictly adhered to in this district that no instance has been cited to me where the rule has not been followed.

[2] It appears to me that sharp practice was resorted to in this instance, which had the effect of lulling the opposing creditors into a feeling of security that there was no opposition to the trustee's application. Unfortunately the meeting of the creditors, called for the purpose of voting the authorization of the trustee, was set for the same day on which the creditors' right to file objections expired under rule 32, namely, January 23, 1926. The fact is that the meeting of the creditors to vote upon this proposition and the expiration of the time for the creditors to appear was taken advantage of by the bankrupt.

Up to the 23d day of January, the day set for the meeting of the creditors to vote on the authorization of the trustee, and the day when the creditors' right to file appearances expired, there was, apparently, no opposi-

tion to the trustee's authorization. Seven creditors, holding claims amounting to $12,-000 or $13,000, had consulted and were going to vote to authorize the trustee to oppose the discharge. Only five other claims had been filed up to that time, and they were very small claims, and thus the creditors felt secure—that there was no opposition to them.

On the 23d day of January, 1926, an attorney appeared at the meeting of the creditors and filed some 18 small claims. He had been hired by the bankrupt to solicit these claims for the purpose of voting them in favor of his discharge, and he withheld the filing of them until the day on which the vote was to be taken, January 23d. The total of the claims voting for the discharge was between $500 and $600. It is apparent to me that these claims were withheld from filing on purpose to surprise the creditors, who were opposing the discharge, and, as before said, the fact that the return date and the meeting of the creditors fell on the same day gave opportunity to the bankrupt to thus surprise the opposition and overcome them by force of numbers.

I think that justice requires that the time should be extended, and the order heretofore made and filed on the 3d day of February, extending the time and setting the day for filing specification of objections, may stand, and the present order to show cause why said former order should not be set aside is hereby discharged.