## SCHLESINGER v. PHILLIPS.

Circuit Court of Appeals, Fifth Circuit. December 2, 1929.

No. 5598.

Fred R. Switzer, of Houston, Tex., for appellant.

John F. Cole, of Houston, Tex., for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. The appellant, who was adjudged a bankrupt on January 11, 1928, filed his application for discharge on April 28, 1928, and the referee fixed June 15, 1928, as the date for hearing on the application. The appellee, the trustee of the bankrupt's estate, filed specifications of grounds of opposition to the discharge on June 25, 1928. On August 9, 1928, he filed an amended or additional specification pursuant to leave granted by the referee on the same date. Thereafter the appellant filed his motion to strike the amended specification, which motion was denied by the referee. In a report made

by the referee to the court he recommended that the specifications of grounds of opposition to discharge originally filed be dismissed, that the amended or additional specification subsequently allowed to be filed as above stated be sustained, and that the bankrupt's discharge be denied. The court approved the recommendations made by the referee and denied a discharge on the ground stated in the above-mentioned additional or amended specification of opposition. In behalf of the appellant it was contended that the additional or amended specification should have been stricken because it was filed after the time fixed by General Order 32 (11 USCA § 53), and without any order of the court permitting the filing of it or enlarging the time for filing specifications of grounds of opposition to a discharge.

General Order in Bankruptcy 32 provides as follows: "A creditor opposing the application of a bankrupt for his discharge, * * * shall enter his appearance in opposition thereto on the day when the creditors are required to show cause, and shall file a specification in writing of the grounds of his opposition within ten days thereafter, unless the time shall be * * * enlarged by special order of the judge."

A rule adopted by the court below in 1918 contains the following:

"That upon the filing of a petition for discharge in any proceedings in bankruptcy, that the Referee shall set same down for hearing at the place of holding court in the division in which such case is pending, and cause notices to be given and publication made as required by law.

"That any person opposing such petition for discharge shall enter his appearance by a notice in writing, filed with the referee before whom the case is pending, on or before the time set for hearing said petition for discharge, and such person shall thereupon have, as of course, ten days after the date fixed for hearing said petition for discharge, within which to file specifications.

"Specifications of grounds of opposition to such petition for discharge shall be filed with the Referee within said ten days unless the time shall, for cause shown, be enlarged by order of the court or of the Referee. Upon the filing of such specification the Referee shall at such time and place as will afford parties at interest a full hearing, hear said petition for discharge and the opposition thereto and report his findings of fact and conclusions of law and recommendations to the court and transmit to the clerk such records and papers as may be necessary for the court to determine such matters."

A subsequent order of the court, made prior to appellant's bankruptcy, interpreting that rule, provided as follows:

"It is hereby ordered, that said rule makes the office of Referee the office of the Court of Bankruptcy, as to discharges and preliminaries thereto, and the practice heretofore obtaining in this district of filing applications for discharge with said Referee, is hereby fully approved as authorized under said rule, and it is further expressly provided that all petitions for discharge heretofore or hereafter filed, shall be regarded as filed in the Court of Bankruptcy in which the proceedings are pending if filed either with the clerk or the Referee.

"And that when filed with either the clerk or the Referee all proceedings shall be had as provided in said amendment of date February 25, 1918."

The language of the above set out rule of the court below negatives the conclusion that it had or was intended to have the effect of enlarging the jurisdiction conferred on the referee by the Bankruptcy Act § 38 (11 USCA § 66), or of making the action of the referee in enlarging the time for filing a specification in writing of grounds of opposition to a discharge effective without an order of the court pursuant to the provision contained in General Order 32. Manifestly it was contemplated that the referee, in dealing with a bankrupt's application for discharge and with specifications of grounds of opposition to the discharge and the matter of the time of filing such specifications, would be performing the functions of a master whose power is limited to dealing with preliminaries to a hearing by the court and reporting evidence submitted and findings of facts and conclusions of law, and making recommendations to the court as to its action. In effect, an application to the referee for an enlargement of the time for filing specifications of grounds of opposition to a discharge or for leave to file additional grounds of opposition was an application to the court, to which was reserved the right of taking all final action with reference to an application for discharge. The action of the court with reference to such an application may be made by the nunc pro tunc order. In re Levin (C. C. A.) 176 F. 177; In re Nathanson (D. C.) 152 F. 585. It being within the discretion of the court to make the action of the referee in permitting the filing of the additional specification ef-

fective by approving that action, and the court by its decree having approved that action, the amended or additional specification of grounds of opposition to the discharge was not, on any ground urged, subject to be stricken.

The decree is affirmed.