In re HODGES (three cases).

No. 13974.

District Court, D. Connecticut.

July 13, 1933.

Palmer & Serles, of New York City (William Huck, Jr., of New York City, and Benjamin Slade, of New Haven, Conn., of counsel), for objecting creditors.

Chambers & Hesselmeyer, of New Haven, Conn., for bankrupts.

HINCKS, District Judge.

The bankrupts herein filed applications for discharges April 18, 1933, which were referred in the usual course to the referee who, on April 21, 1933, notified creditors of a hearing to be held thereon on May 22, 1933. On May 22, 1933, appearance was filed in behalf of these petitioners in opposition. On May 31st, these petitioners filed specifications in opposition to the discharge. Shortly thereafter motion was filed in behalf of the bankrupts to strike and dismiss said specifications of objections as having been filed too late under General Order 32, as amended by the Supreme Court of the United States on April 17, 1933, effective April 24, 1933 (11 USCA § 53). Thereupon the petitioners presented the petition now before the court for an order authorizing their specifications, actually filed on May 31, 1933, as aforesaid, to be filed nunc pro tunc as of May 22, 1933.

By General Orders in Bankruptcy dated April 17, 1933, effective April 24, 1933, the Supreme Court amended General Order 32 (11 USCA § 53). Previously this order had read as follows:

"XXXII. *Opposition to Discharge or Composition.*—A creditor opposing the application of a bankrupt for his discharge, or for the confirmation of a composition, shall enter his appearance in opposition thereto on the day when the creditors are required to show cause, and shall file a specification in writing of the grounds of his opposition within ten days thereafter, unless the time shall be shortened or enlarged by special order of the judge."

The amended Order 32 reads as follows:

"XXXII. *Opposition to Discharge or Composition or Extension.*—A creditor opposing an application for discharge, or for the confirmation of a composition or extension proposal, shall enter his appearance in opposition thereto on the day when the creditors are required to show cause, and shall at the same time file a specification in writing of the grounds of his opposition."

Upon the facts set forth above, it is clear and undisputed that although the amendment became effective prior to the return day of the application for discharge, these petitioners did not comply with the amended order, in that they filed their specifications of opposition not upon the return day, but some nine days thereafter. This delay was due to inadvertence on the part of counsel for the petitioners to whose attention the amendment of

the General Order had not yet come. On this ground they now ask the court for permission to file nunc pro tunc as of May 22, 1933, the return day.

The motion is resisted by the bankrupts principally upon the ground that under the General Order as amended the court is without power to grant such an order. This contention is challenged by the petitioners and is the principal issue in controversy.

 It has, of course, long been established that General Orders of the Supreme Court under authority of the Bankruptcy Act "are to be regarded as is the statute itself." In re Brecher (C. C. A.) 4 F.(2d) 1001, 1002. But even statutory provisions may be directory only. And whether they are directory or mandatory, of course, depends upon the legislative intent. So here, whether General Order 32, as amended, is strictly mandatory, or whether it is directory only, leaving some discretion in the bankruptcy courts to mitigate the literal application of the rule, depends upon the intent of the rule-making authority.

 In ascertaining that intent we may look not only to General Order 32, as amended, but generally to the content of the order of April 17, 1933, which is a blanket order amending many of the General Orders in Bankruptcy. For since the General Orders are to be regarded as a part of the act, surely we may look to the entire content of the order, as in a case of statutory construction, in order to ascertain the meaning of any part thereof.

Pursuing this method of construction, I observe that in General Orders, as amended, 1933, 5, § 3, 17, § 2, 21, § 3, 50, §§ 3 and 4 (11 USCA § 53) it is clearly contemplated that the court shall have discretion to extend the time for action in each instance referred to. Since in these several instances the Supreme Court by express language indicated that the time for taking a specified action should be limited "unless further time * * * is granted by the court," the failure so to specify with reference to General Order 32 becomes significant.

This significance is deepened by a comparison between the amendment and the General Orders which it superseded. For in the General Orders of 1871, 1898, and 1916, it was expressly provided in No. 32 that the specifications of opposition to a discharge must be filed within ten days of the return day "unless the time shall be (shortened or) enlarged by special order of the judge." The petitioners suggest that this provision was omitted in

the amendment of 1933 because the judge had some inherent power to extend the time independent of the rule, and that the only purpose of the omission was to delete surplusage. The suggestion, however, is consistent neither with the fact that the provision was retained throughout successive revisions of the orders over a period of at least sixty years, nor with the fact, already noted, that a similar provision frequently appears in the order of 1933.

 Moreover, it is a well-established rule of construction that rules, like statutes, must be construed to effectuate their obvious purpose. In re L. M. Axle Co. (C. C. A.) 3 F.(2d) 581. The 1933 amendment of General Order 32 was obviously designed to accelerate proceedings relating to a discharge. The existence of power in the judge to extend the time for filing specifications is no aid to the acceleration of those proceedings.

 Altogether, I am impelled to the conclusion that by the amendment of General Order 32 it was definitely intended to deprive the judge of the broad discretion in the granting of extensions which had theretofore vested in him.

None of the many cases cited by the petitioners in support of a contrary conclusion seem to me to support that contention. For necessarily all the precedents are based upon a General Order which limited the time only, "unless * * * enlarged by special order of the judge." And certainly in none of those cases were the courts required to construe the amendment now under consideration.

 Attention is called to the fact that a rule of this court specified that specifications of objection must be filed within ten days of the return. This rule of course was nullified on April 24th when the order of the Supreme Court became effective. And the recent order of this court, rescinding said rule, was obviously entered to prevent future confusion and does not imply that the effectiveness of our former rule survived the order of the Supreme Court.

 Nor does the fact that the adjudication herein and the filing of the applications for discharges took place before the effective date of the Supreme Court order obstruct the application of that order with reference to proceedings thereafter occurring. Lockhart v. Edel (C. C. A.) 23 F.(2d) 912; Royal Indemnity Co. v. Cooper (C. C. A.) 26 F.(2d) 585. See, also, Farmers' Savings Bank v. Allen (C. C. A.) 41 F.(2d) 208.

At present I do not go so far as to hold that never under any circumstances can the

time for filing appearances or specifications in opposition to discharges be extended. The fact that an application for discharge cannot be filed until one month subsequent to adjudication (section 14 of the Act, 11 USCA § 32) and that thereafter creditors shall have thirty days' notice of the hearing thereon (section 58a (9), 11 USCA § 94 (a) (9) gives creditors ample opportunity to present their opposition, and such provisions as section 7 (9), 11 USCA § 25 (9), subjecting the bankrupt to examination, if diligently invoked will ordinarily give a creditor opportunity for the preparation of his opposition. What the situation would be if, through the illness of the bankrupt or otherwise, an objecting creditor were deprived of the opportunities contemplated by the act for preparing his opposition to a discharge, is a question not now presented.

The petitioners' motion for an order allowing specifications to be filed nunc pro tunc must be denied. It follows that the bankrupts' motion to dismiss the pending specifications must be granted.

Ordered accordingly.