### In re FIERMAN.
### No. 8218.

District Court, M. D. Pennsylvania.
Jan. 3, 1934.

H. H. Weintraub, of Wilkes-Barre, Pa., for bankrupt.

Frank Slattery, Jr., of Wilkes-Barre, Pa., for objecting creditor.

JOHNSON, District Judge.

This case comes before the court on a rule to show cause why an order of this court extending the time within which specifications of objections to the bankrupt's discharge should not be vacated.

On June 30, 1934, the bankrupt filed his petition for discharge, and on that date the court ordered that a hearing thereon be had upon the same on August 13, 1934, at which time all creditors and persons in interest were to show cause why the prayer of the petitioner should not be granted. Notices of said hearing were duly mailed and published. On August 13, 1934, the return date of said rule, Frank Slattery, Jr., Esquire, entered his appearance as attorney for Joseph G. Schuler & Co., a creditor of the bankrupt, who desired to file specifications of objections to the discharge. It appears that Joseph G. Schuler & Co. filed with the referee in bankruptcy a petition praying that a special meeting of creditors be called to authorize the trustee to oppose the bankrupt's discharge. On August 13, 1934, a copy of the said Joseph G. Schuler & Co.'s petition, certified by the referee, was filed in the office of the clerk of this court. On August 22, 1934, the trustee in bankruptcy filed a petition averring that specifications of objections to the bankrupt's discharge were not filed, due to a misapprehension of the requirements of General Order 32 of the Supreme Court (11 USCA § 53) and prayed for an order extending the time within which specifications of objection may be filed. The court thereupon extended the time for filing objections to the discharge to September 19, 1934.

After learning of this order, the bankrupt, on September 4, 1934, filed a petition averring that the order of court extending the time for filing specifications of objections to the bankrupt's discharge was beyond the power of the court and without warrant or authority in law, and prayed that the said order be vacated. The court granted a rule to show cause on said petition.

The question presented is whether this court had the power to extend the time for filing objections to the bankrupt's discharge, where the reason assigned for failure to file objections within the proper time was a misconception of the requirements of General Order 32 of the Supreme Court.

It appears that no specifications of objections to the discharge of the bankrupt were filed by the trustee or creditors within the time allowed for filing said specifications, or at any time since, and that the trustee did not enter an appearance.

General Order in Bankruptcy 32 (11 USCA § 53), prior to the Amendment of April 17, 1933, read as follows: "A creditor opposing the application of a bankrupt for his discharge, or for the confirmation of a composition, shall enter his appearance in opposition thereto on the day when the creditors are required to show cause, and shall file a specification in writing of the grounds of his opposition within ten days thereafter, unless the time shall be shortened or enlarged by special order of the judge."

General Order 32, as amended in 1933 (11 USCA § 53), reads as follows: "A creditor opposing an application for discharge,

or for the confirmation of a composition or extension proposal, shall enter his appearance in opposition thereto on the day when the creditors are required to show cause, and shall at the same time file a specification in writing of the grounds of his opposition."

While the original General Order 32 allowed ten days from the return day in which to file specification of objections, the amended General Order required the appearance and the specification to be filed on the return day. The amended General Order omitted the clause "unless the time shall be shortened or enlarged by special order of the judge." It appears that it was definitely intended, by the amendment, to deprive the judge of the broad discretion in the granting of extensions which had theretofore been vested in him. In re Hodges (D. C.) 4 F. Supp. 804. Whether it left any power in the District Court to excuse a default is not necessary to be decided at this time because the reason assigned for the default was a misapprehension of the requirements of General Order 32. This reason is insufficient to grant an extension, and it was so held in United Wall Paper Factories, Inc. v. Hodges et al. (C. C. A.) 70 F.(2d) 243, 244, where the court said: " * * * the law is imperative; all are bound at their peril to learn its commands. It will not stop to ask how far those subject to them have in fact learned their content. There may be excuses for failing to comply, but ignorance is not one."

And now, January 3, 1934, upon due consideration, it is ordered that the rule to show cause why the order extending the time for filing specifications of objections to the bankrupt's discharge is hereby made absolute and the said order is hereby vacated and set aside.