## In re LERNER.

### LERNER v. FIRST WISCONSIN NAT. BANK OF MILWAUKEE, WIS., et al.

No. 5128.

Circuit Court of Appeals, Seventh Circuit.

May 8, 1934.

Rehearing Denied June 19, 1934.

Emil Hersh and Herbert Morse, both of Milwaukee, Wis., for appellant.

John C. Warner and Ben Z. Glass, both of Milwaukee, Wis., for appellees.

Before EVANS and SPARKS, Circuit Judges.

PER CURIAM.

Minnie Lerner was adjudged a bankrupt on the 22nd day of May, 1933, and on the 6th day of October, 1933, made application for a discharge of debts. On October 10, 1933, notice was given to creditors that the petition for discharge had been filed and would be heard by the District Court on November 18, 1933. On the latter date, appellees appeared by counsel and entered formal objections and requested leave of court, which was granted, for an extension of time to November 28, 1933, within which to file specification of objections. No objections were interposed by bankrupt to the order extending the time. The creditors filed specifications of objections on November 28, 1933, and bankrupt moved to strike them because they were not filed in time. The court denied bankrupt's motion. This court granted appellant leave to appeal pursuant to section 24b of the Bankruptcy Act, as amended by Act of May 27, 1926, 11 USCA § 47(b).

General Order No. 32 before the 1933 amendment (11 USCA § 53) read as follows:

"A creditor opposing the application of a bankrupt for his discharge, or for the confirmation of a composition, shall enter his appearance in opposition thereto on the day when the creditors are required to show cause, and shall file a specification in writing of the grounds of his opposition within ten days thereafter, unless the time shall be shortened or enlarged by special order of the judge."

On April 17, 1933, this order, No. 32, was amended (11 USCA § 53), and now reads:

"A creditor opposing an application for discharge, or for the confirmation of a composition or extension proposal, shall enter his appearance in opposition thereto on the day when the creditors are required to show cause, and shall at the same time file a specification in writing of the grounds of his opposition."

Appellant contends the amended order was intended to, and does, deny to the court the right to extend the time for filing of specifications of objections.

Prior to the amendment it was quite generally held that the court could enlarge the time for the filing of specifications.[1] These decisions are predicated on the assumption that the objections and specifications are pleadings, and the time within which they may be filed are matters within the discretion of the District Court. Unless the amended order takes from the court all power to allow amendments to pleadings or denies to it the right to grant extensions of time within which to file such pleadings, the contention of appellant cannot be sustained. Two cases have been cited by appellant which hold that the amended order No. 32 has this effect. Matter of Harley M. Hodges (D. C.) 4 F. Supp. 804; Matter of Cornelius J. Corcoran (D. C.) 4 F. Supp. 988.

We are not persuaded that the amended order was intended to so restrict or limit the court who is, of necessity, in the best possible position to determine whether extensions of time should be granted or whether pleadings should be amended.

The order does fix the time within which objections shall be filed. Specifications are merely elaborations of the objections. The order does not, however, prescribe procedure in case objections are made within the designated time.

Objections, we take it, may be made orally in open court. Having been thus made, they should be reduced to writing and filed on or before the return day. They must likewise be accompanied by or followed by specifications. Nevertheless, when good cause is shown, why should the specifications not be filed at a later date? In the instant case, the bankrupt's counsel and objectors' attorney were both in court on the return day. The latter made their objections and asked for a short time within which to file the specifications. Bankrupt's counsel did not object. The specifications were filed on the date fixed by the order of the court, and the bankrupt's attorneys moved to strike them. Had bankrupt's counsel objected on the return day, attorneys for creditors could and would have filed their objections on that same day. To permit bankrupt to take advantage of an order entered on her apparent acquiescence would be unfair.

The court of bankruptcy is a court of equity. The Bankruptcy Act (11 USCA § 1 et seq.) is administered by such a court. Statutes, rules, and decisions alike, require, of necessity, short periods of time within which parties may file pleadings and take appeals. There is good reason back of the rules which expedite matters in bankruptcies, for otherwise delays would defeat the most effective administration of the bankrupt estate. The requirement for the filing of objections promptly is a salutary one, and should not be defeated by inexcusable action of one litigant. But it is unfair to assume that a court confronted by a request for time within which to file specifications of objections would violate the spirit of the act which stresses promptness in disposing of matters arising in the administration of the act. We cannot believe that the order was intended to take away from the District Court all discretion in matters that are primarily those of pleading. Nor was it intended to permit one to acquiesce in request of counsel, and action of court thereon, to repudiate the necessary consequences of such acquiescence.

The order is affirmed.

---

[1] In re Rerat (D. C.) 14 F.(2d) 607; Schlesinger v. Phillips (C. C. A.) 36 F. (2d) 191; In re Nathanson (D. C.) 152 F. 585; In re Brecher (C. C. A.) 4 F.(2d) 1001.