**In re Martin GREENBLATT, Debtor.**

**Marjorie BISHOP, Petitioner,**

v.

**Martin GREENBLATT, Respondent.**

**Bankruptcy No. 880–00451–18.**

**Adv. No. 880–0261–18.**

United States Bankruptcy Court, E. D. New York.

Dec. 2, 1981.

---

Lawrence B. Lame, Rego Park, N. Y., Appellate Counsel, for debtor-respondent.

Jules Speciner, Great Neck, N. Y., for debtor-respondent.

Levine & Poznansky, New York City, for petitioner.

## DECISION

C. ALBERT PARENTE, Bankruptcy Judge.

Martin Greenblatt, debtor (hereafter respondent) seeks an order pursuant to § 39(c) of the Bankruptcy Act (sic) and Rule 802(c) of the Rules of Bankruptcy Procedure extending his time to appeal from a judgment of this Court dated and docketed on September 3, 1981, in favor of Marjorie Bishop, creditor (hereafter petitioner). Said judgment exempted petitioner's claim from dis-

charge pursuant to § 523(a)(2)(A) Title 11 U.S.C.[1]

Rule 802(c), Rules of Bankruptcy Procedure, vests the bankruptcy judge with discretion to extend the time to file an appeal if not filed *in limine* within ten days. The court in its discretion may extend the period not to exceed twenty days. Thus, a time line cap of thirty days is fixed if the request is not made within the ten day period following the entry of an order or judgment. A request made after the ten days have expired may be granted upon a showing of excusable neglect if the judgment or order does not authorize the sale of property.

Respondent's instant motion for an extension was made after the ten day period had expired but before the end of the thirty day bar period.

The sole document supportive of respondent's motion is an affidavit by Lawrence B. Lame, Esq., purportedly retained by respondent as "appellate counsel" or "new counsel."

Affiant's substantive postulate elicits four salient points:

(1) That the state court action resulting in a jury verdict and judgment of common law fraud was obtained as a result of fundamental error.

(2) That respondent's failure to file the appeal within the initial ten day period does not prejudice the petitioner.

(3) That two weekends and a holiday intervening within the ten day period constitutes sufficient excuse for delayed filing of the notice of appeal.

(4) That the "delay" was occasioned by retention of new counsel to prosecute the appeal.

The affidavit submitted by appellate counsel is unsupported by a correlative affidavit by the debtor or his counsel of record, thus desiccating the probative value and legal reach of affiant's averments therein contained.[2] Moreover, the Court concomi-

---

1. Rule 802 supersedes the provisions of § 39(c) of the Bankruptcy Act.

2. Rule 802(c) provides for the filing of a notice of appeal by any *party*. (Emphasis added.) "Party" is a technical word, and has a precise

tantly finds that the grounds recited by counsel in his affirmation are not definitive of excusable neglect.

Adverting *ad seriatim* to the grounds upon which the motion posits:

(a) Affiant's first ground seeks to collaterally attack a judgment of the state court. It is significant that respondent did not appeal from any portion of the state court judgment entered on June 1, 1979.

*Finding*: The first ground relied upon is patently irrelevant and extraneous to the issue of excusable neglect.

(b) Affiant's second ground is probatively untenable. It posits on a subjective conclusory assertion, *viz*, that extending the time frame for appeal is nonprejudicial. Petitioner's affidavit in opposition effectually rejects affiant's presumption. In context, petitioner asserts that respondent's request is a disingenuous ploy unduly protracting litigation and shrouding the fact that there is no legitimate appealable issue. Moreover that respondent has been provided with ample recourse of law and the granting of respondent's motion is conspicuously prejudicial in time and cost expenditures of appeal.

*Finding*: The Court concurs and finds merit in petitioner's posture. Summary judgment was initially granted by this Court on February 19, 1981. Sequent thereto, respondent filed a motion for reargument returnable on May 28, 1981. On July 28, 1981, the Court after hearing reaffirmed judgment for petitioner. Neither the respondent nor its attorney of record, a recognized expert in bankruptcy law, elected to file a timely notice of appeal. The facts warrant a termination of this case and petitioner is entitled to final relief. Respondent has had abundant time and judicial process has been accorded to him in both state and federal tribunals. It is axiomatic that proceedings in law should not be interminable and a continuance by appeal of the issue would commit petitioner to expend more time and effort and expenses of appeal palpably exacting a hardship and prejudice. Any further delay would implicitly be prejudicial to the petitioner.

(c) Affiant's third ground is also nonpersuasive. The thrust of affiant's third ground is a subjective interpretation of Rule 802(c). The record is unambiguous reflecting that respondent and his counsellor of record (Jules Speciner) were served with a notice of settlement of the entry of judgment. Affiant's argument, albeit adroit under scrutiny of the record, is rendered specious.

*Finding*: Affiant's attempt to vary the literal meaning of Rule 802(c) restricting the time frame prescribed would constitute a modification in disconformity with the doctrine of literalness.[3]

(d) Affiant's fourth ground rests solely on the premise that the "delay" resulted from retention of new counsel. Affiant's contention that retention of appellate counsel suffices to establish excusable neglect is rejected.

*Finding*: The Court is unaware of any authority sufficient to affect the Court's discretion that the incidence of appellate counsel's retention enlarges the ten day proscript of Rule 802(c).

In sum, this Court dispositively finds that appellate counsel's affidavit standing by itself, unsupported by the respondent or his attorney of record, fails to articulate a substantive or legal basis for the relief sought. *In re Brecher*, 4 F.2d 1001 (2nd Cir. 1925); *In re Young*, 1 B.R. 387 (Bkrtcy.M.D.Tenn. 1979); *Beneficial Finance Company of Hartford v. William & Annie R. Manning*, 4 Bankr.Ct.Dec. 304 (1978).

Accordingly, the Court in its exercise of its discretion denies respondent's motion.

SETTLE ORDER.

meaning in legal parlance. By it is understood he or they by or against whom a suit is brought, whether in law or equity. Black's Law Dictionary, Revised (4th Ed.) p. 1278.

3. Statutory Construction, Francis J. McCaffery, Chapter 1, pp. 3–4, holding "that plain unambiguous language ... be interpreted to mean exactly what it says."