## LERNER v. FIRST WISCONSIN NATIONAL BANK OF MILWAUKEE ET AL.[*]

No. 292.   Argued January 11, 1935.—Decided February 4, 1935.

*Mr. Emil Hersh* for Lerner.

*Messrs. Edgar L. Wood* and *John C. Warner,* filed a brief on behalf of the First Wisconsin National Bank.

*Messrs. Walter J. Mattison* and *Ben Z. Glass* filed a brief on behalf of Rakita et al., respondents in No. 292.

*Mr. Howard Myers,* with whom *Mr. Saul S. Myers* was on the brief, for the Lawyers County Trust Co.

*Mr. Meyer Marlow,* with whom *Mr. Selig C. Brez* was on the brief, for Reichert et al.

---

[*] Together with No. 496, *Lawyers County Trust Co.* v. *Reichert et al.* Certiorari to the Circuit Court of Appeals for the Second Circuit.

Mr. Justice McReynolds delivered the opinion of the Court.

These causes require consideration of General Order in Bankruptcy No. XXXII, as amended, effective April 24, 1933, 288 U. S. 632. This Order, as it stood before that day, and the amendments then adopted, follow. Deleted words are within the brackets; words added are italicized.

" XXXII. Opposition to Discharge or Composition *or extension.*

"A creditor opposing [the] *an* application [of a bankrupt] for [his] discharge, or for the confirmation of a composition *or extension proposal,* shall enter his appearance in opposition thereto on the day when the creditors are required to show cause, and shall *at the same time* file a specification in writing of the grounds of his opposition [within ten days thereafter, unless the time shall be shortened or enlarged by special order of the judge]."

Whether, under the amended order, Bankruptcy Courts may permit a creditor opposing an application for discharge to file written specifications showing the grounds of his opposition after " the day when creditors are required to show cause," is the question for determination.

In No. 292 the Circuit Court of Appeals, Seventh Circuit, held that when good cause is shown, such an extension may be granted. In No. 496 the Circuit Court of Appeals, Second Circuit, ruled to the contrary. The latter court, we think, reached the proper conclusion. Reversal of the challenged judgment must follow in No. 292; affirmance in No. 496.

The purpose of the 1933 amendments to Order No. XXXII was to prevent continuation of abuses then apparent.

The so-called " Donovan Report," March 22, 1930, on "Administration of Bankrupt Estates," printed (1931)

for the House Judiciary Committee, 71st Congress, 3rd Session, p. 116, stated:

"An unscrupulous creditor who desires to get something more than the others may be tempted to file a notice of appearance (a simple 4-line document) at the time of the hearing on confirmation, knowing that this will hold up the entire proceeding for at least another 10 days even if he does not follow up the notice of appearance with detailed specifications of objection. During this 10-day period he may hope to get paid off by the bankrupt. If the bankrupt refuses or is unable to strike a bargain, the creditor may then file his specifications of objection, so that the bankrupt will face another three weeks' delay, during the process of which he may be finally induced to come to terms."

Reporting on "Bankruptcy Law and Practice," (Dec. 8, 1931), Senate Document No. 65, 72nd Congress, 1st Session, (p. 16), the Attorney General asserted:

"The clerks of 72 district courts reported to us that, out of the 49,928 cases closed by them in the fiscal year 1930, 27,426 applications for discharge had been disposed of.

"In only 1,042 of these cases individual creditors at the time of the hearing before the judge on the bankrupt's application filed notices of appearance stating that they intended to oppose the discharge. Under General Order XXXII, these creditors were then required to file specifications in writing within 10 days, setting forth the grounds of this opposition, upon the filing of which the issues would be tried.

"But in 330 of these 1,042 cases the creditors did not follow up their notices of appearance by filing written specifications. Why?

"Presumably, because the creditors were either bought off by the bankrupt as already described, or because indifferent, or were unwilling to incur further expense. . . ."

By memorandum of April 3, 1933, submitted to us, Solicitor General Thacher, who had devoted much time and thought to bankruptcy proceedings, suggested certain amendments and additions to the General Orders—among them, those to No. XXXII adopted as above shown. After referring to the passages from Congressional publications, which we have quoted, he declared:

" For these reasons it is recommended with respect both to discharges and to compositions that the specifications of opposition should be filed with the appearances. Ample time is afforded by the Act to opposing parties to obtain their evidence and make up their minds. Under Section 58 creditors must be given at least 30 days' notice of all applications for discharge, and may after receipt of the notice, if they have not done so already, examine the bankrupt and other parties under Section 21 (a). Under compositions creditors may examine the bankrupt or debtor at the first meeting and at any time thereafter under Section 21 (a), and must be given at least ten days' notice of the application for confirmation."

Having considered the facts, thus brought to our attention, and those otherwise known, it seemed proper to adopt the suggested amendment to Order XXXII.

The language of the amended Order is mandatory; it is controlling in circumstances like those here presented; strict compliance should be accorded. Under Order XXXVII, and permissive provisions of the Bankruptcy Act, we think the courts may exercise discretion sufficient for the successful conduct of proceedings in varying circumstances. Thus, while an objecting creditor must file specifications showing the grounds of his opposition on the day when creditors are required to show cause, that day may be fixed or postponed by the court in view of the existing situation.

*No. 496 Affirmed.*
*No. 292 Reversed.*