## In re LAURIA.

District Court, S. D. New York.

March 25, 1935.

PATTERSON, District Judge.

On the first specification, held by the referee to have been sustained, the referee's action was based on conflicting testimony involving the credibility of witnesses. The referee has the advantage of seeing and hearing the witnesses. The rule in such a case is that the referee's findings will be accepted unless there is manifest mistake. In re Slocum, 22 F. (2d) 282 (C.C.A.2). The referee's finding on this specification will not be disturbed.

I am also of opinion that the amendment of the fifth specification should have been allowed and that the specification as amended should have been sustained. This specification originally charged the bankrupt with failure to keep books from which his financial condition and business transactions could be ascertained. The specification was so framed because the bankrupt had given answers on examination under section 21a, Bankr.Act. (11 U.S. C.A. § 44 (a), to the effect that he never kept books. At the hearings in this proceeding the bankrupt and other witnesses testified that his personal transactions were entered in a small black book, a journal, but that the book was unaccountably missing. The objecting creditor then moved to amend so as to charge concealment of books in place of failure to keep books. The referee at first granted the motion. The case was still open, and further testimony relative to the missing book was taken. In his report the referee found as a fact that there was such a book and that it had been concealed by the bankrupt, but on reconsideration he held that there was no power to permit the amendment. The proposed change in the specification followed the change in the bankrupt's testimony. Both the original specification and the amendment related to the same matter, the books and records of the bankrupt, and came under the same subsection (b) (2) of section 14 of the act, as amended, 11 U.S. C.A. § 32 (b) (2). Under the conditions, the proposed amendment was not a new specification but only a variation of the old. The proposed amendment was one to conform the pleadings to the proof. In re Finder, 61 F.(2d) 960 (C.C.A.2). The granting of such an amendment is not in conflict with Lerner v. First Wisconsin Nat. Bank (Lawyers County Trust Co. v. Reichert) 294 U.S. 116, 55 S.Ct. 360, 79 L.Ed. 796, decided February 4, 1935, by the Supreme Court.

The first and fifth specifications were established. There will be an order denying discharge.