**MULLIGAN v. MOORE.**

No. 5752.

Circuit Court of Appeals, Third Circuit.

July 23, 1935.

Rehearing Denied Sept. 26, 1935.

Joseph G. M. Browne, of Brooklyn, N. Y., for appellant.

George C. Felter, Jr., of Hackensack, N. J., for appellee.

Before BUFFINGTON, WOOLLEY, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

This is an appeal from an order of the District Court for the District of New Jersey. On March 20, 1933, the appellant filed a petition for her discharge in bankruptcy. The referee in bankruptcy gave notice to all creditors that the application for discharge would be heard on May 15, 1933, and ordered that they show cause why the prayer of the petition should not be allowed. These notices were given in accordance with General Order in Bankruptcy 32, which was amended as of April 24, 1933 (288 U. S. 632 [11 USCA following section 53]). On May 13, 1933, two days before the return day fixed by the referee, the appellee entered an appearance and filed specifications of objections, alleging that the appellant concealed real property from her trustee in bankruptcy and failed to include said property in her schedule of assets. The hearing was postponed by consent of the parties. On September 12, 1934, the appellant moved that the specifications be dismissed on the ground that they were not filed on the return day. The referee recommended the dismissal of the specifications and the granting of the discharge. On exceptions argued in the District Court, that court entered the following order: "It is, on this 15th day of January, 1935, ordered that the first exception to the referee's report be and the same is hereby allowed and that the report of the referee filed on December 15, 1934, recommending the dismissal of the specifications of objections filed by Cleophas V. Moore and the discharge of the above-named bankrupt be disapproved and that the specifications of objections filed by Cleophas V. Moore as aforesaid be and hereby are sustained, and that the discharge of the bankrupt be and hereby is denied." The appeal is from this order.

■ The appellant argues that the specifications are void because not filed on the return day. She relies upon amended General Order 32 (11 USCA following section 53), which reads as follows: "A creditor opposing an application for discharge, or for the confirmation of a composition or extension proposal, shall enter his appearance in opposition thereto on the day when the creditors are required to show cause, and shall at the same time file a specification in writing of the grounds of his opposition." In our opinion, the purpose of the above amendment was to prevent delay in filing specifications rather than to punish diligence in their filing. The abuses which existed under General Order 32, which the amendment was intended to correct, are set forth in detail in the reports to which reference is made in Lerner v. First Wisconsin National Bank, 294 U. S. 116, 55 S. Ct. 360, 79 L. Ed. 796. The apparent purpose of Congress in passing the amendment was to prevent an unscrupulous creditor, who hoped to gain an unfair advantage over other creditors, from delaying the proceedings by entering an appearance in opposition to discharge without filing his specifications of objections. This purpose is not frustrated when the creditor is allowed to enter an appearance and file his specifications prior to the return day. It is improbable that a bankrupt would be tempted to settle with an objecting creditor before the return day, inasmuch as he would be

unable to foretell how many of his other creditors would file specifications on the return day. We therefore find no error in the ruling of the District Court that the specifications were filed in time. We think, however, that the District Court erred in sustaining the specifications without proof of the allegations set out therein. Having ruled that the specifications were filed in time, the court should then have directed the referee to hear testimony on the specifications of objections to the discharge and make recommendations thereon.

The order of the court below is affirmed in so far as it rules that the specifications were filed in time, and reversed in so far as it sustains the specifications and denies the discharge of the bankrupt. The cause is remanded, with directions to proceed in accordance with this opinion.