### In re MOURAD et al.

### ISBERIAN v. MOURAD et al.

### Nos. 5574, 5609.

Circuit Court of Appeals, Seventh Circuit.

May 14, 1936.

Thomas J. Peden, John C. Melaniphy, Gerald Ryan, and Edward C. Guilmez, all of Chicago, Ill., for appellant.

William H. King, Jr., E. Douglas Schwantes, and Richard H. Merrick, all of Chicago, Ill., for appellees.

Before EVANS, SPARKS, and AL-SCHULER, Circuit Judges.

EVANS, Circuit Judge.

Sumpad K. Mourad, Avedis K. Mourad, and Hachadoor K. Mourad filed their voluntary petitions in bankruptcy on February 6, 1933. On January 11, 1934, the three petitioners filed their several applications for discharge. Their return day was February 19, 1934. On February 14, 1934, appellant's decedent, a creditor, filed his appearance and moved that the time for filing his specifications of objections to the petitions for discharge be extended. On the following day he filed in each proceeding a verified petition praying that the court enter an order extending said time to and including March 31, 1934. The District Court entered an order extending such time to March 19, 1934. On February 19, 1934, the return day fixed for hearing on bankrupts' applications for discharge, no specifications were on file, but on March 19, 1934, appellant's decedent filed several specifications of objections. On March 28, 1935, bankrupts filed their several motions to strike the objections to their petitions for discharge on the ground that they were not filed on the return day, as specified in General Order in Bankruptcy No. 32 (11 U.S. C.A. following section 53). The District Court sustained their several motions and ordered appellant's decedent's specifications of objections stricken from the files. At the

same time he granted the bankrupts their discharge. The District Court for the purposes of this appeal consolidated the three bankruptcy proceedings in which the several discharges were granted and the specifications of objections stricken. One appeal was allowed below and one by this court from these orders, and we will dispose of them in one opinion.

We agree with appellees' counsel that the decision in Lerner v. First Wisconsin National Bank, 294 U.S. 116, 55 S.Ct. 360, 79 L.Ed. 796, governs the disposition of this case. We are unwilling to accept appellant's contention that the petition for an extension of time, which was filed before the return day, was in fact specifications of objections to the discharge.

We readily accept the argument that pleadings should be liberally construed and that parties should not be denied their day in court because of technical objections such as refined niceties in word selections in pleadings. We should, as we believe we do, look to substance rather than form when examining pleadings. To hold, however, that the petition which prayed the court to extend the time within which to file specifications of objections to the discharges in bankruptcy was in itself such specifications of objections to a discharge would necessitate our assumption that the pleader was inconsistent and illogical. A more minute examination of the allegations of the petition for extension of time shows that the petitioner had been and was engaged in an extended examination of the bankrupts. Over eleven hundred pages of testimony had been taken. He wanted time so that he could complete the examination of said bankrupts that he might set forth all his objections to their discharges. This was the purpose of the petition for time, and the allegations appearing therein were appropriate to the relief sought.

The objector undoubtedly believed and was advised he could secure an extension of time within which to file his objections. Lerner v. First Wisconsin National Bank, supra, had not been decided at that time. The reasonableness of the rule is not for us to determine. The rule speaks for itself and the court which pronounced it has in the Lerner Case applied it.

The orders of discharge are affirmed.