## In re KUHNE.
### No. 28740.

District Court, E. D. New York.
Nov. 19, 1936.

Shearman & Sterling, of New York City (Lester Kissel, of New York City, of counsel), for Long Island Nat. Bank of New York, objecting creditor.

M. B. Rhine, of New York City, for bankrupt.

MOSCOWITZ, District Judge.

The Long Island National Bank, a creditor herein, makes a motion for leave to amend its specifications of objections to the bankrupt's application for a discharge upon the ground that since the order of reference was made on October 7, 1936, the creditor has discovered certain evidence. The new evidence, which has to do with the transferring of property by the bankrupt, failure to schedule as an asset other property, and making a false oath, if established, would justify the refusal to grant the discharge of the bankrupt.

The sole question presented is one of power in the court to allow an amendment to the specifications. General Order 32 of 1933 (11 U.S.C.A. following section 53) reads as follows: "A creditor opposing an application for discharge, or for the confirmation of a composition or extension proposal, shall enter his appearance in opposition thereto on the day when the creditors are required to show cause, and shall at the same time file a specification in writing of the grounds of his opposition."

The purpose of this amendment was to prevent creditors from harassing the bankrupt and delaying the bankruptcy proceedings by filing a notice of appearance which under the old rule gave the creditor ten days in which to file specifications of objections to the bankrupt's discharge. The amendment above quoted corrected that evil by requiring the creditor to file his objections without delay.

The court is powerless to extend the time within which the creditor may file specifications of objections, although in certain instances for a good cause shown the court may adjourn the entire proceeding for a reasonable time.

I do not believe that it was the purpose of the amendment above quoted to prevent the filing of amended specifications of objections to a discharge under the circumstances presented in this case where the objecting creditor has made a motion for that purpose immediately upon the discovery of new evidence. The following cases are of general interest on this subject and have some bearing on the question involved: Lerner v. First

Wisconsin Bank, 294 U.S. 116, 55 S.Ct. 360, 79 L.Ed. 796; In re Lauria (D.C. S.D.N.Y.) 18 F.Supp. 984, March 25, 1935; In re Nathanson (D.C.) 152 F. 585; In re Carley (C.C.A.) 117 F. 130; In re Glass (D.C.) 119 F. 509; In re Pechin (D.C.) 225 F. 798, and Schlesinger v. Phillips (C.C.A.) 36 F.(2d) 191.

The fraud alleged by the creditor, if proven, would justify the court in revoking a discharge if the facts were discovered after discharge and application made therefor within one year of the granting thereof. This is provided in section 15 of the Bankruptcy Act (title 11 U.S.C.A. § 33) as follows: "The judge may, upon the application of parties in interest who have not been guilty of undue laches, filed at any time within one year after a discharge shall have been granted, revoke it upon a trial if it shall be made to appear that it was obtained through the fraud of the bankrupt, and that the knowledge of the fraud has come to the petitioners since the granting of the discharge, and that the actual facts did not warrant the discharge."

Certainly, if the court has the power to revoke a discharge upon evidence discovered within one year of the granting thereof, it should allow the creditors to amend its specifications of objections to set up this same ground in opposition to the bankrupt's application for a discharge. To hold otherwise would permit a dishonest bankrupt to receive his discharge.

Motion granted. Settle order on notice.