## In re REIGEL et al.

### No. 23993.

District Court, W. D. New York.

Dec. 10, 1937.

Clayton M. Stein, of Rochester, N. Y., for the motion.

Ernest G. Gould, of Seneca Falls, N. Y., opposed.

BURKE, District Judge.

Eldon J. Reigel filed a petition in bankruptcy and was adjudicated a bankrupt on May 18, 1932. He never applied for a discharge in that proceeding. The present proceeding was commenced on October 14, 1935, by the filing of a new petition by Oscar E. Reigel and Eldon J. Reigel, individually and as copartners. Many of the debts scheduled in the first proceeding have been included in the schedules in the present case. Application for a discharge herein was made within the time limited for making such application, and specifications of objection were filed by one creditor on the return day. The granting of the discharge was opposed on the ground that Eldon J. Reigel had been adjudicated a bankrupt on May 18, 1932, had scheduled the claim of the objecting creditor, and had never applied for a discharge. The matter was referred to a referee in bankruptcy as special master. Before any evidence was taken, the objecting creditor withdrew his objections and consented to the granting of a discharge. The referee submitted a report recommending the granting of a discharge to the copartner-

ship and to Oscar E. Reigel, but with respect to Eldon J. Reigel he recommended that he be "discharged individually, except as to such debts, if any, which were provable in such first proceeding, other than the debt of said objectant who consents to such discharge."

Application for leave to file specifications of objection in opposition to the discharge of Eldon J. Reigel is now made by a creditor who has not previously appeared in this proceeding. The petition for leave sets forth a state of facts identical with those set out in the original specifications of objection to discharge and alleges that the petitioner did not press his objections because he knew of and relied on those already on file.

The court is without power to extend the time within which objections to discharge may be filed. In re Reichert, 2 Cir., 73 F.2d 56, affirmed Lerner v. First Wisconsin National Bank, Lawyers' County Trust Co. v. Reichert, 294 U.S. 116, 55 S.Ct. 360, 79 L.Ed. 796; In re Palestine, 2 Cir., 75 F.2d 500. Since the time for filing specifications of objection has expired, no further objections may be filed.

This, however, does not preclude the court from taking evidence to determine whether a discharge should be granted or withheld. Where a creditor has filed specifications in opposition to discharge and has abandoned or withdrawn them, the court is not deprived of power to receive evidence offered by other interested parties concerning the situation which has been disclosed by the specifications. Any party in interest may present such evidence in the same manner and with the same effect as if it had been offered by the originally objecting creditor. Schlicht v. De Groot, 6 Cir., 38 F.2d 621; In re Ruhlman, 2 Cir., 279 F. 250; In re Dietz, D.C., 97 F. 563.

In accordance with the above the matter is remanded to the referee to take such testimony as is deemed necessary to supplement his conditional recommendation for discharge.