**In re POVILL.**

No. 33882.

District Court, E. D. New York.

Nov. 13, 1939.

Max D. Frant, of Brooklyn, N. Y., (Joseph W. Gottlieb, of Brooklyn, N. Y., of counsel), for the motion.

McLean, Ferris, Ely & Fain, of New York City, for objecting creditor, opposed.

Carl J. Austrian, of New York City (Bertram R. Bernstein, of New York City, of counsel), for Superintendent of Banks of State of New York, opposed.

BYERS, District Judge.

Motion to confirm referee's report granting discharge.

There is opposition by the Peoples National Bank, a creditor whose claim has been expunged because barred by the Statute of Limitations, as announced in this proceeding in 2 Cir., 105 F.2d 157. That creditor urges that the court, of its own motion and in the public interest, should deny the motion.

Opposition is also voiced by the Superintendent of Banks of the State of New York, on behalf of the Bank of United States in liquidation. That bank is a creditor, for its attorney deposes that a claim was filed in the sum of $2,970 by the Superintendent, and the affidavit is not controverted for the bankrupt. That fact was not brought to the attention of the Circuit Court of Appeals, for its opinion recites (105 F.2d page 158): "No other claims were filed."

Reargument having been denied the Peoples Bank, the referee's report recites that on October 3, 1939, he granted the bankrupt's motion to dismiss the specifications of objection to discharge, which had been filed by the Peoples Bank. On the same day, the Superintendent appeared before the referee and "orally attempted to

162

intervene in these proceedings and requested that he be permitted to proceed with the specifications of objection filed by the Peoples National Bank".

The referee states that, since the hearings had theretofore closed, the application was denied. The record indicates that on July 6, 1939, the referee, having been advised of a proposed petition for rehearing in the Circuit Court of Appeals, said: "The matter having been submitted on the record, I will fix September 19th, 1939, at 2 P. M. as the date of argument, submission of briefs and decision."

No later stenographic report has been submitted on this motion, notice of which was not given to the Superintendent.

The present status of the latter, however, as a creditor, not being questioned, it will be convenient to consider whether this court has the power to permit him to prosecute the objections, and if so, whether the case fairly invites its exercise.

It is obvious that, through adroit invocation of technical expedients, the bankrupt has successfully evaded a disposition on the merits of specifications of objection to his discharge, which comprehend allegations of serious import, and which, if sustained by the evidence, would result in a denial of his application.

Thus: That he concealed an interest in three different liquor corporations, one piece of real estate, and a substantial bank account; and that he testified falsely in these proceedings with reference to each of the foregoing matters.

With respect to the power of the court to deal with the situation, it is not seen why the proceedings before the referee could not have been reopened by him, at the instance of the Superintendent, on the very day that he announced his decision with respect to the Peoples Bank claim, or why that result may not be accomplished in the District Court, sitting in review of the referee's decision.

It was said by the Second Circuit Court of Appeals in Re Ruhlman, 279 F. 250, at page 252: "Creditors may be allowed, in the discretion of the court, to enforce objections filed and abandoned by other creditors. In re Houghton, Fed.Cas.No. 6,730."

See also Mazur v. Hirsch Shoe Co., 5 Cir., 46 F.2d 973; Schlicht v. DeGroot, 6 Cir., 38 F.2d 621; In re Reigel, D.C., 21 F.Supp. 565; In re Guilbert, D.C., 154 F. 676.

It is true that in the foregoing cases it appeared that the abandonment or withdrawal by the objecting creditor was for a selfish reason, but that does not remove those cases from their controlling influence here.

■ The necessity for permitting the continuance into the examination of a bankrupt's petition for discharge arises from the nature of that right itself. It is not a mere issue between him and a given creditor, but involves the integrity of the law itself; only such bankrupts are entitled to procure a discharge as have not offended against certain provisions of the Act, and in the administration of the discharge sections, the courts rest under a duty of inquiry. Cf. In re Sanborn, D.C., 131 F. 397.

If the specifications of a creditor who has been bought off may be taken over by another, it must be equally clear that the mantle of one who has been evacuated of his status, because of a limitation statute and against his sturdy protest, should be permitted to descend upon the shoulders of another, who labors under no such statutory infirmity.

Some of the opinions, in the cases which have been cited, state that one creditor may rely upon specifications filed by another, without disqualifying himself from offering proof in their behalf, as successor to the one who abandons or seeks to withdraw that upon which the court must rely in passing upon the bankrupt's right to procure his discharge.

It was urged upon the argument, that the specifications of the Peoples Bank must be treated as a nullity, since that institution was found not to be a creditor in this proceeding.

That contention is not convincing. The Peoples Bank was summoned into this proceeding by the bankrupt, and it enjoyed the status of creditor until after it had interposed specifications of objection to the discharge. By way of closing the door against further inquiry, and after considerable testimony had been taken in support of the specifications, the motion to expunge was made and granted, and the order to that effect was affirmed.

■ That bank continued to be a creditor and at the bankrupt's behest, until it was ousted from the proceeding, and its specifications were not dismissed until the very

day upon which the Superintendent sought leave to take them over; they possessed sufficient vitality to support hearings that continued through July 7, 1938, and it is the present view that the issues so raised are more important than the vehicle of their expression, and that a due and proper administration of the law requires that those issues should be resolved on the merits.

Misgivings expressed by the court at argument with respect to such matters, in the light of General Order XXXII [11 U. S.C.A. following section 53] as it affected the statute prior to the revision of 1938, have entirely yielded, in view of the discussion of that subject-matter in Lerner v. First Wisconsin Bank, 294 U.S. 116, 55 S.Ct. 360, 79 L.Ed. 796.

This is a situation quite apart from those to frustrate which the General Order was enacted in 1933.

In the belief that the court has the discretionary power so to direct, and that this cause presents an entirely appropriate setting for the exercise of that power, the motion to confirm the referee's report will be denied, and the proceeding will be remitted to the referee with instructions to permit the Superintendent of Banks, acting for the Bank of United States in liquidation, a creditor of the bankrupt, to proceed with the prosecution of the specifications of objections filed by the Peoples National Bank of Brooklyn, verified February 24, 1938, in all respects as though they had been filed on behalf of the Bank of United States, to the end that said specifications may ultimately be disposed of on the merits.

Settle order.