## In re WEIDEMEYER.

### No. 38376.

District Court, E. D. New York.

April 29, 1940.

George M. Goldman, of Brooklyn, N. Y., for bankrupt.

Samuel L. Marcus, of New York City (Louis Epstein, of New York City, of counsel), for creditor, Modern Industrial Bank.

BYERS, District Judge.

The narrow question presented by this petition to review the order of a referee granting to a creditor an extension of time for filing specifications of objection to the bankrupt's discharge, is whether the requisite power existed to grant the order.

By appropriate action, March 21, 1940, was fixed as the last day for filing specifications. The order to show cause was granted on March 25th, the supporting petition filed that day having been verified on March 23d.

The showing was meritorious, namely, that the clerk to whom the specifications had been entrusted on the 20th of March, for filing on the 21st, had been stricken by serious physical illness on the night of the 20th and word thereof was not communicated to his employer until too late on the 21st to enable appearance or appropriate application to be made before the referee on that date.

The bankrupt urges that, when the order was signed, the matter had passed beyond the capacity of the referee to relieve the creditor of its default.

Such would have been the situation under the Bankruptcy Act prior to the amendments of 1938; Lerner v. First Wisconsin National Bank, 294 U.S. 116, 55 S.Ct. 360, 79 L.Ed. 796, and General Order XXXII, 11 U.S.C.A. following section 53, as then in force.

The present law contains important amendments in respect of discharge: Not only is appropriate jurisdiction conferred upon the referees, but the power of the latter to grant an extension of the time to file is expressly provided (Section 14 sub. b, 11 U.S.C.A. § 32 sub. b).

After establishing the procedure for fixing the time, and the giving of notice, the statute says: "Upon expiration of the

time fixed in such order or of any extension of such time granted by the court [i.e., the referee, Section 1(9), 11 U.S.C.A. § 1(9)], the court shall discharge the bankrupt if no objection has been filed; otherwise, the court shall hear" etc.

█ General Order 32, 11 U.S.C.A. following section 53, in its present form does not differ in substance from prior General Order XXXII. It does not purport to abolish the power of extension conferred by the foregoing quoted portion of the statute, and must of course be read in connection therewith.

Prior to the amendment of the Act in 1933, the court possessed the power to extend the time for filing specifications of objection, and the withdrawal of that power by the 1933 amendment was deemed to be deliberate and highly significant; In re Reichert, 2 Cir., 73 F.2d 56, at page 58, affirmed Lawyers' County Trust Co. v. Reichert, 294 U.S. 116, 55 S.Ct. 360, 79 L. Ed. 796.

Equally the restoration of the power to the court in the 1938 revision must be similarly contemplated.

█ Here the matter of the discharge is deemed to have been pending before the court—the referee—until the act should have been performed of granting it. That was not done.

Since the referee had not discharged his function, the matter was sufficiently sub judice to enable him to acquire whatever information, concerning the bankrupt's right to obtain the relief sought, that the former deemed necessary to equip him properly to perform his task.

That included the right to take evidence, so that he might grant or deny the application on the merits. The only way that he could arrange for the taking of evidence was the one he adopted.

This is probably a prolix, but I hope analytical, way of pointing out that the matter really rested in the exercise of the referee's sound discretion.

It is not intended to indicate that all defaults on the part of creditors similarly explained before the signing of discharge should be opened. Doubtless there will be cases involving the evils discussed in the Lerner case, supra, in which such applications ought to be denied. The present holding is merely that upon this record I cannot say that the bankrupt's right to a discharge had passed beyond the power of the

referee to consider the subject on its merits, since his functions had not been fully performed when he granted the motion sought to be reviewed.

Petition to review denied. Settle order.