**In re BLACK & WHITE CAB CO. et al.**

No. 15459.

District Court, W. D. Missouri, W. D.

Oct. 30, 1940.

Guy W. Rice, of Kansas City, Mo., for bankrupts.

C. E. Thomson, of Kansas City, Mo., for objecting creditor.

REEVES, District Judge.

The individual bankrupts have filed a petition to review an order of the referee in bankruptcy sustaining objections to their discharge. They complain that the referee had no right under amended General Order in Bankruptcy No. 32, 11 U.S.C.A. following section 53, to entertain the objections, and, moreover, that

upon the merits of the case the order was not supported by testimony. Thus it will be seen that complaint is made both on the theory of a procedural error and also of a wrong decree or judgment upon the facts. These will be noticed.

In compliance with said General Order No. 32, specifications of objections were filed within time. Such specifications were founded mainly and pertinently upon that subdivision of subparagraph c of said Section 32, Title 11 U.S.C.A., as follows: "c. The court shall grant the discharge unless satisfied that the bankrupt has * * * (2) destroyed, mutilated, falsified, concealed, or failed to keep or preserve books of account or records, from which his financial condition and business transactions might be ascertained, unless the court deems such acts or failure to have been justified under all the circumstances of the case."

The objecting creditor in filing her specifications followed the language of the statute, but on motion to dismiss on the ground that such averments were not specific enough the referee entertained the view that the movants (the bankrupts) were correct and sustained such motion.

However, in the order sustaining such motion time was allowed for the filing of amended specifications. Within the time thus granted the objecting creditor amplified and undertook to make more specific the identical averments. When this was done the referee overruled a similar motion to dismiss and upon a hearing sustained one of the objections and refused a discharge.

When a question arose as to whether the motion to dismiss contained language strong enough to deny the objecting creditor the right to file amended specifications the referee entered a nunc pro tunc order so as to clarify any ambiguity in the order of dismissal. The bankrupts also challenge the validity of this order.

The objecting creditor on her part has filed a petition to review the action of the referee in failing to dispose of certain paragraphs or specifications of her objections.

All of the contentions will be noticed and such other facts mentioned as will aid in clarifying this memorandum opinion.

■ 1. It may be definitely stated and conceded that under the new General Order in Bankruptcy No. 32, objections to a discharge may not be filed after the date whereon the creditors are notified to show cause. Formerly, creditors had ten days to do this. It has been repeatedly held, however, that creditors are not without remedy for the reason that upon a request to the referee he may adjourn the case for all purposes to a later day and notice of appearance and specification in opposition may then be filed on the adjourned date. In re Brownstone, D.C., 9 F.Supp. 261.

■ The petitioners, therefore, are correct that new or additional specifications could not be properly filed and heard after the return date in the absence of an adjournment of the case.

■ 2. The fact, however, that new or additional specifications may not be properly filed out of time does not preclude the objecting creditor from amending his specifications. In making up issues in bankruptcy and in the trial of such issues the new rules of civil procedure would apply. These rules provide for amendments and that leave (for amendments) shall be freely given when justice so requires. Moreover, it was specifically held in Re Taub, 2 Cir., 98 F.2d 81, loc.cit. 82, that an amendment might be allowed after the time for filing specifications of objections had passed. The court said: "Since the specification without the amendment presented no valid objection to the discharge, the appellant argues that the amendment adds a new objection and in effect extends the time for filing specifications beyond the return day, in violation of General Order 32, as amended in 1933, 11 U.S.C.A. following section 53; Lerner v. First Wisconsin Bank, 294 U.S. 116, 55 S.Ct. 360, 79 L. Ed. 796. This contention is unsound. The amendment did not present a new ground of objection; it merely cured a defective statement of the old objection and conformed it to the statutory requirements. It caused neither delay nor surprise to the bankrupt. The district judge was clearly correct in allowing it."

■ An inspection of the amendment to the specifications in this case discloses that objecting creditor employed almost the precise language of the first specifications in her second specifications; the only difference was a greater particularity with respect to what was done with

834

moneys received by the bankrupts in the day to day transactions of their business.

The referee properly allowed the amendment.

3. It may be questioned whether the referee was justified in compelling the objecting creditor to amend her specifications. The question raised by the evidence was not whether the bankrupts had "destroyed, mutilated, falsified, concealed * * * books of account or records," but whether they had "failed to keep * * * books of account or records."

█ The courts have made a distinction between those issues where destruction, mutilation and concealment of records was in issue and those cases where there was a complete failure to keep books. In the former case, quite properly and logically the courts insist that the objecting creditor shall specify with particularity the acts which justify the serious charge of mutilation, destruction or concealment. The language of the statute would not be sufficient, but a different rule applies where the specifications aver that the bankrupt has "failed to keep or preserve books of account or records." In the case of In re Biro, 2 Cir., 107 F.2d 386, 387, the court not only sustained the right to amend after the return day, but said with respect to the failure to keep books: "This specification is certainly good in the part alleging a failure of the bankrupt to keep books of account from which his financial condition could be ascertained. In re Feuer, 2 Cir., 4 F. 2d 892. As to destruction or concealment it is not enough to rely upon the words of the statute, 11 U.S.C.A. § 32, sub. c, but there should be a statement sufficiently explicit to enable the bankrupt to know what it is claimed that he has destroyed or concealed. In re Feuer, supra. This specification, however, does satisfy that requirement in that it is confined to books of account with respect to a definite sum of money received from the objecting creditor."

█ With an averment of failure to keep books and with proof supporting such averment, the court would be justified in denying discharge. Note the language in Re Muss, 2 Cir., 100 F.2d 395, 396: "Where a bankrupt has engaged in financial transactions as extensive as those disclosed by this record, and has kept no records thereof, the court is justified in denying him a discharge. Indeed, it could not properly have done otherwise."

█ 4. The evidence in this case shows that books were kept by the partnership in a satisfactory manner. But the individuals, although receiving sums of money daily, yet they kept no books with respect to such receipts. The money thus taken by them from the partnership was deposited in a joint bank account of each partner with his wife. The expenditures could not be traced. The result was that a large sum of money, namely, an amount in excess of $15,000, had been traced into the hands of the individuals of the partnership, and the court was unable to ascertain what disposition had been made of it. The partners had obtained credit by reason of the business being carried on by them. They owed the duty to those who trusted them by appropriate credits to keep such records of their transactions as would enable the creditors reasonably to learn what disposition was made of the fund arising from their partnership transactions. This they wholly failed to do and the referee was justified upon the evidence in denying discharge.

The complaint expressed by the objecting creditor in her petition to review is without merit. Specifications numbers 5 and 6 are included within her first specification of objections. This one was sustained by the referee. It was not necessary, therefore, to say more than was said by the referee, and that is that the determination of the issue made on the first specification disposed of the issue made in specifications 5 and 6.

The order of the referee should be confirmed and it will be so ordered.