**In re MASSA.**

**No. 155.**

Circuit Court of Appeals, Second Circuit.

Jan. 25, 1943.

Before SWAN, AUGUSTUS N. HAND and FRANK, Circuit Judges.

Nelson Harris, of New Haven, Conn., for appellant.

No appearance for objecting creditor, appellee.

PER CURIAM.

The bankrupt was denied his discharge because he had failed to keep books of account or records from which his financial condition and business transactions might be ascertained. This is a statutory ground for denial unless the court deems such "failure to have been justified under all the circumstances of the case." 11 U. S.C.A. § 32 sub. c(2). The referee found that the bankrupt's failure was not justified in view of the amount of business he was doing and the number of his creditors. The district court confirmed the referee. The bankrupt had been engaged in the lumber business for several years buying and selling on credit. His schedules listed debts of $55,000 owing to 151 creditors, and the schedules, as well as his oral testimony, showed that he had no books or papers relating to his business. This being proved, the burden of establishing a justification for his failure to keep records shifted to the bankrupt. Karger v. Sandler, 2 Cir., 62 F.2d 80; White v. Schoenfeld, 2 Cir., 117 F.2d 131, 132. That burden he has not carried. On the merits denial of the charge was plainly correct.

It is urged that the creditor's specifications of objection were filed too late. An order had been made requiring objections to be filed by 10 A. M. on November 3, 1941. They bear a filing mark

of 4:30 P. M. on that date. Under the statute, 11 U.S.C.A. § 32, sub. b, the court has power to extend the time fixed in the order. In re Weidemeyer, D.C.E.D.N.Y., 32 F.Supp. 809. We think that the referee's acceptance of the specifications, notification to the bankrupt of their filing, and holding of a hearing upon them, may properly be treated as evidence of the granting of an extension of the time, even though no formal order of extension appears in the record. But however that may be, the alleged error was not brought to the attention of the referee or of the district court on the petition to review, and therefore is not now available to the appellant.

After the referee denied his discharge the bankrupt moved to have the proceeding reopened and asked leave to offer additional evidence. But there is nothing to indicate that the belated evidence, if received, would have affected the finding of an unjustifiable failure to keep books of account or records.

Order affirmed.