**In re LEGON.**

United States District Court
S. D. New York, Civil Division.
July 5, 1949.

George H. Rosen, Monticello, N. Y., for Bankrupt.

RYAN, District Judge.

The bankrupt brings on for review three separate orders of the Referee which denied bankrupt's motion to dismiss specifications filed by three creditors opposing the discharge of the bankrupt.

1. *The specifications of the creditor, National Union Bank of Monticello, N. Y.*—

The bankrupt raises three objections to the action of the Referee on these specifications: (1) that the Referee was without jurisdiction to allow the filing of the specifications because they were not filed within time fixed for such filing; (2) that the specifications were improperly executed because they were not signed by counsel for the creditor; and (3) that the first specification sustained by the Referee was insufficient in law.

■ The Referee had the power to extend the time for filing the specifications, if in his discretion sufficient reason existed for taking such action, In re Weidemeyer, D.C.E.D.N.Y.1940, 32 F.Supp. 809, and the Referee could extend the time without entering a formal order. In re Massa, 2 Cir., 133 F.2d 191. From the present record we cannot say that the extension here granted was an abuse of discretion. The Referee did have jurisdiction to entertain the specifications.

■ Although Rule 11, Federal Rules Civil Procedure, 28 U.S.C.A., requires all pleadings to be signed by counsel, it does not invalidate unsigned pleadings. The rule merely provides that an unsigned pleading *may* be stricken. Here, the specifications were signed by the president of the objecting creditor bank and this was at least substantial compliance with the rule.

■ The third objection raised by the bankrupt is not well taken. Specification No. 1 obviously raises questions of fact concerning the conduct of the bankrupt's business. It alleges that the bankrupt has not satisfactorily explained the disposition of some $12,000 of receipts in view of the number and amount of claims which have been filed for supplies, materials and wages used in connection with the business. The court, of course, does not at this time pass on the merits of the specification, but merely holds that it is sufficient in law and that the Referee was correct in refusing to dismiss it. Under this specification, evidence may be presented to sustain a denial of discharge under Sec. 14, sub. c (2) of the Bankruptcy Act, 11 U.S.C.A. § 32, sub. c (2).

2. *The specifications of the creditors, George Karamechedis and Sullivan County Trust Co.*—

The Referee refused to dismiss three specifications of Karamechedis and two of the Sullivan County Trust Co. The objections of the bankrupt to these rulings may be considered together because the first two specifications of Karamechedis are identical with those of the Trust Company.

■ The objections of the bankrupt to specifications No. 2 are well taken. These specifications merely allege that the bankrupt has failed to produce all of his books of account and records. There is no allegation of what books were not produced, nor that any demand was made on the bankrupt, nor that an order or direction was made with which he failed to comply. These specifications are not sufficiently particularized to enable the bankrupt to meet the charge, and therefore in their present state are deficient. In re Biro, 2 Cir., 107 F.2d 386.

■ The objections to specification No. 3 of Karamechedis are well taken. There are no facts therein alleged which may be considered under Sec. 14, sub. c of the Act, as a valid objection to discharge. Whether this creditor's claim is dischargeable in bankruptcy is not to be here determined.

■ The objections to parts (b) and (c) of specifications No. 1 should have been sustained. They do not set forth any ground on which to deny discharge. Subdivisions b only state that the bankrupt did not "satisfactorily explain the receipt of the said $2500.00" The concealment of the receipt of money is not alleged in this specification, nor that the bankrupt fraudulently failed to keep books of account from which his financial condition might be ascertained. Similarly with subdivisions c, which state that the books *show* wage payments to two relatives which are alleged to be excessive. These transactions were shown in the books, not fraudulently concealed. Subdivisions a of these specifica-

tions are sufficient and allege facts which apprise the bankrupt of the charges against him. It may fairly be considered as a specification that the bankrupt "falsified, concealed or failed to keep or preserve books of account or records from which his financial condition and business transactions might be ascertained."

The other objections raised by the bankrupt are without merit.

The matter is remanded to the Referee with directions to afford the objecting creditors an opportunity to file amended specifications, and for further proceedings not inconsistent herewith.