**In re POLINER.**

**No. 86045.**

United States District Court
D. New York.
Nov. 22, 1949.

996

I. Arnold Ross, New York City, Charles G. Trenckmann, New York City, of counsel, for bankrupt.

Samuel Masia, New York City, for New York Creditmen's Adjustment Bureau, Inc., trustee.

CONGER, District Judge.

The bankrupt has petitioned the Court to review an order of a Referee in bankruptcy denying petitioner's motion to dismiss the specifications of objections to discharge filed herein by the New York Credit Men's Adjustment Bureau, Inc., as trustee, objecting to the discharge of the bankrupt. Specifications of objections 5 to 10, inclusive, are involved. The bankrupt contends they are defective in that they charge that the bankrupt committed an act punishable by imprisonment in that he "wilfully testified falsely with regard to a material fact." Petitioner contends that the objections should be couched in the language of the statute which it is claimed was violated, Title 18 U.S.C.A. § 152. That language is as follows: "Who *knowingly* and *fraudulently* makes a false oath or account in or in relation to any bankruptcy proceeding * * * shall be * * * imprisoned * * *."

The gravamen of petitioner's contention is that the omission of the word "fraudulently" is a fatal defect. The word "wilfully" may very well and I believe does include the word "knowingly."

■ The general rule is that while specifications of objections need not necessarily comply with the strict requirement governing the form of indictments, yet they must be sufficiently definite to apprise the bankrupt with reasonable certainty concerning the nature of the charge against him, and the grounds of the objections to his discharge so that he may properly prepare his defense and frame and try specific issue of fact.

■ Measured by this yardstick, I am of the opinion that the failure to use the words "knowingly and fraudulently" and substituting for them the words "that he wilfully testified falsely to a material fact" is not such a variance as to make these objections fatally defective.

Were I to agree with bankrupt's contention on this point I would, of course, give the trustee permission to amend the specifications of objections so that the word "fraudulently" might be inserted in its appropriate place. It seems a waste of time to go through this procedure. I will, therefore, permit such an amendment now and it will be deemed that the objections 5 to 10, inclusive, have been so amended by the insertion of the words "and fraudulently" after the word "wilfully."

■ Petitioner also contends that the specifications of objections to discharge should have been stricken as sham and frivilous because they were not signed as required by Rule 11 of the Federal Rules of Civil Procedure, 28 U.S.C.A.

It will not be necessary for me to decide that this paper interposed in a bankruptcy proceeding must be subscribed by the attorney for the trustee pursuant to Rule 11.

The failure of the attorney to sign the specifications of objections [if required by Rule 11] does not necessarily invalidate the pleading, if we may call it that. The Rule states that the unsigned pleading *may* be stricken.

Here the specifications were signed by the trustee, by its assistant-secretary and verified by him.

I hold that this is sufficient compliance. In re Legon, D.C., 85 F.Supp. 946.

Settle order.