**Matter of Joseph MECKLER, Bankrupt.**
**No. 10540.**

United States District Court
D. Maryland.
Nov. 6, 1957.

Jerome M. Asch and Schimmel, Hettleman & Tatelbaum, Baltimore, Md., for bankrupt.

Louis J. Sagner and Mitchell Stevan, Baltimore, Md., for trustee.

THOMSEN, Chief Judge.

Bankrupt's petition for review of an order of the referee dated March 18, 1957, raises the following question: whether, after the expiration of the time for filing objections to the discharge of the bankrupt, the court had jurisdiction to extend the time for filing such objections, and whether the extension was properly granted under the facts of this case.

Joseph Meckler was adjudged a voluntary bankrupt on April 27, 1955. His schedules revealed that he owed debts totalling $69,695.71 and that he had no assets other than household goods valued

at $35 which he claimed as exempt. Since his appointment on June 14, 1955, the trustee herein has received no assets.

The bankrupt was examined briefly at the first meeting of creditors on June 2, 1955, and at the adjourned meeting on June 14, 1955. The referee fixed August 9, 1955, as the date for filing objections to the bankrupt's discharge, but on July 11, 1955, the time was extended until September 15, 1955.

On September 7, 1955, on petition of the trustee, the referee fixed October 10, 1955, as the date for an examination of the bankrupt and others at a hearing under sec. 21, sub. a of the Bankruptcy Act, 11 U.S.C.A. § 44 sub. a. On September 12, 1955, on petition of the trustee, the time for filing specifications in opposition to the discharge was further extended to November 12, 1955, to afford the trustee an opportunity to investigate the facts and conduct of the bankrupt. The order provided that it was "subject to any further extension that may be required of this Court in the future".

The examination scheduled for October 10, 1955, was adjourned because the bankrupt had not been summoned and did not appear. The examination was then set for November 1, 1955, but at the request of the bankrupt's attorney the date was postponed to November 8, 1955. However, no examination was had on that date; it was rescheduled for February 6, 1956, and was again postponed at the request of the bankrupt's attorney.

The bankrupt and others were summoned to be examined on April 12, 1956, and to produce certain records. The bankrupt appeared for examination but was unable to testify due to a nervous condition which resulted in his inability to control himself, and led him to believe that his arm had been paralyzed. The examination, therefore, was again postponed and scheduled for May 10, 1956. The bankrupt was not available for examination on that date.

On September 21, 1956, the trustee filed a petition to extend the time for filing objections to the bankrupt's discharge. He alleged that the bankrupt had been found guilty of violation of the Bankruptcy Act in proceedings instituted against him in New York and was then serving his sentence. The petition continued: "The primary purpose for the 21a Hearing was to obtain testimony in order to enable your Petitioner to determine whether sufficient grounds exist for the filing of specifications in opposition to the Bankrupt discharge. This opportunity has not as yet been afforded to the Petitioner and cannot possibly take place until the Bankrupt has served his sentence in New York and returns to this district where he resides * * *". Copies of the petition and of an order requiring the bankrupt to show cause why an extension should not be granted were served upon Bernard M. Goldstein, attorney of record for the bankrupt. Neither the bankrupt nor his attorney filed any answer to that petition.

On November 5, 1956, the trustee filed specifications of his objections to the discharge. Notice of a hearing on those objections was mailed to the bankrupt.

On November 26, 1956, through new counsel who entered their appearance at that time, the bankrupt moved to dismiss the objections on the grounds that they had not been timely filed and that the court was without jurisdiction to entertain the objections after the expiration of the time for filing objections. But he did not and does not deny the facts set out in the trustee's petition for extension filed on September 21, 1956.

On March 18, 1957, the referee made his findings of fact and conclusions of law. The latter read as follows:

"(1) The proceedings in this case indicate that the Trustee desired to examine the bankrupt and members of his family with a view to filing objections to the discharge of the bankrupt, and that he has been unable to complete the examination due to the failure of the bankrupt and his wife to submit to examination.

"(2) Under the circumstances of this case, upon the failure of the bankrupt to show cause why the

time for filing objections to his discharge should not be extended in accordance with the order of the Court dated September 21, 1956, the Court had jurisdiction to extend the time for filing objections to discharge by the Trustee. Bankruptcy Act Sections 14 [sub.] b and 14 [sub.] e [11 U.S.C.A. § 32(b, e)].

"(3) Although an order extending the time for the filing of objections to discharge was not signed prior to the filing of the objections to discharge on November 5, 1956, the omission to do so was due to inadvertence and oversight, which the Court has power to correct at this time."

He, therefore, ordered on March 18, 1957:

"(1) That the time for filing objections to the discharge of the bankrupt be and it hereby is extended *nunc pro tunc* to and including November 5, 1956.

"(2) That the motion of Joseph Meckler, bankrupt, to dismiss the objections of the Trustee to the discharge of the bankrupt be and it hereby is denied."

In oral argument on his petition for review of that order, counsel for the bankrupt made an unwarranted attack on the fairness of the referee. Referring only to the docket entries, disregarding the papers in the file, and offering no transcript or other evidence to contradict the referee's findings and conclusion (1), quoted above, counsel argued that the referee's statement was unfounded, and that the trustee and his counsel have unreasonably harassed the bankrupt by their delay. He seeks reversal of the order on two grounds: (1) That the referee had no power to grant a further extension or to receive the specifications in opposition to discharge after November 12, 1955, when the last previous extension expired; and (2) that even if the referee had such power, he abused his discretion by granting the extension and refusing to dismiss the specifications.

In support of his first point, counsel cited a sentence in Sec. 3022 of Remington on Bankruptcy, 6th Ed., and two cases decided by the Southern District of New York before the amendment to the Bankruptcy Act in 1938. In re Kuhne, D.C., 18 F.Supp. 985, and In re Reigel, D.C., 21 F.Supp. 565. However, the Act of 1938 amended the section of the law upon which those authorities were based. Collier on Bankruptcy, 14th Ed., Vol. 1, para. 14.06, p. 1267, states:

"Under the former Act of 1898 frequent delays in the prosecution of applications for discharges were recognized as great abuses. The speed of the proceeding relative to discharge was largely dependent upon the diligence of the bankrupt. The bankrupt often sought to retard the discharge proceedings in the hope that creditors would become less zealous in objecting to his discharge. The Act of 1938 attempts to speed up the proceedings and to strip the bankrupt of much of his power to impede the progress of the suit. The bankrupt should normally be examined at the first meeting of the creditors; otherwise a meeting of creditors may be specially called for that purpose. Many of the creditors' objections to the bankrupt's right to a discharge are based upon information elicited from the bankrupt's examination and upon facts found subsequently by independent investigation. For this reason it is now provided in the Act that the 'court' shall fix a time for the filing of objections to the bankrupt's discharge *after* the bankrupt has been examined.

"When the court fixes the time for the filing of objections to the bankrupt's discharge, the court itself must give thirty days' notice of this deadline by mail, to the creditors, to the trustee and his attorney, and to the United States attorney for the district. The court may, if it sees fit, extend the period for the filing of objections."

A note at this point states:

"This power in the court to extend the period was undoubtedly conferred as a precaution against the fraudulent bankrupt, who might conceal his frauds until near the end of the period, and also to permit of a longer period than usual where the facts of the case warranted. Thus if a creditor has been unavoidably prevented from filing specifications of objection to a bankrupt's discharge within the time fixed for the purpose and no discharge has yet been granted, the referee has power to grant an extension of time for filing, even though the time originally fixed may have expired, but it is discretionary with him whether such power should be exercised upon the facts disclosed by the record. Matter of Weidemeyer, [D.C.] E.D.N.Y., 32 F.Supp. 809, 43 Am.B.R.,N.S., 325, * * *

"Where the referee accepts objections filed after the time originally limited, notifies the bankrupt thereof and holds a hearing upon them, this may properly be treated as evidence of an extension granted, even though no formal order of extension appears in the record. Matter of Massa, 2 Cir., 1943, 133 F.2d 191, 51 Am.B. R.,N.S., 799, * * *"

█ The Weidemeyer case is authority for the proposition that the discharge is deemed to be pending before the court—the referee—until it is granted. 32 F.Supp. at page 810.

█ Under the law as it existed before the 1933 amendment to General Order No. 32, 11 U.S.C.A. following section 53, which was similar in this respect to the law after the Act of 1938, it was held that the court may, in its discretion, extend the time for entering an appearance as well as for filing the specification after the time has expired as well as before. In re Rerat, D.C.D.Minn., 14 F.2d 607, affirmed Rerat v. Fisk Tire, 8 Cir., 28 F.2d 607; In re Levin, 1 Cir., 176 F. 177; In re Brecher, 2 Cir., 4 F.2d 1001.

Under the Act of 1938, the matter is still in the discretion of the referee. In re Weidemeyer, supra; Richey v. Ashton, 9 Cir., 143 F.2d 442; In re Legon, D.C.S.D.N.Y., 85 F.Supp. 946. In Northeastern Real Estate Sec. Corp. v. Goldstein, 2 Cir., 91 F.2d 942, it was held that the period should be extended to prevent injustice when the bankrupt's fraud prevented discovery of grounds for objections.

█ Similarly, the referee should extend the period to prevent injustice in cases where discovery of possible grounds for objections to the discharge has been prevented by acts or omissions on the part of the bankrupt. On the other hand, he should not extend the period when the trustee is chargeable with unreasonable delay in obtaining the facts, without fault on the part of the bankrupt. In this case the referee has found that the delay was attributable to the bankrupt, and not to the trustee. The trustee secured several extensions of time to file his objections and specifications, but inadvertently let the last date pass. The repeated postponements of the hearing under sec. 21, sub. a, obtained by the bankrupt and his attorney, undoubtedly contributed to this failure. The referee properly exercised his discretion in granting the extension.

The order of the referee is hereby confirmed.