**ARROW WRECKING CO., Inc.,**
**Appellant,**

v.

**Edward SEMONIAN, Jr., Trustee in Bankruptcy, Appellee.**

**In the Matter of Everard A. MARSEGLIA, Bankrupt.**

**No. 10882.**

United States Court of Appeals Fourth Circuit.

Argued Feb. 6, 1967.

Decided March 7, 1967.

Arthur S. Curtis, Washington, D. C., for appellant.

Edward L. Genn, Washington, D. C. (Samuel B. Brown, Washington, D. C., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and BRYAN and CRAVEN, Circuit Judges.

PER CURIAM.

Objections to the discharge in bankruptcy of Everard R. Marseglia presented by Arrow Wrecking Company, Inc., a creditor, were rejected by the Referee as coming too late. The District Court upheld the Referee and Arrow appeals. We affirm.

■ Admitting that its opposition was tardily lodged, appellant seeks to escape exclusion on the plea that neither it nor its attorney received timely notice of the date fixed by the Referee, April 14, 1965, as the last day for filing such objections. See § 58(b) Bankruptcy Act, 11 U.S.C. § 94(b). The Referee found to the contrary; this finding was accepted by the District Judge. The record contains substantial evidence imputing to Arrow seasonable notice of the cut-off date, and we have no reason for overturning the conclusions now on review. General Orders in Bankruptcy No. 47, following 11 U.S.C. § 53; Id. 37; F.R.Civ.P. 52(a); Gilmer v. Woodson, 332 F.2d 541, 545 (4 Cir. 1964).

We, of course, see some substance in the appellant-creditor's grounds for opposing the discharge, as outlined in its motion for leave to file the objections non obstante and in counsel's argument here. Nevertheless, we note also that at the instance of Arrow the District Court only two months previously had set aside the Referee's discharge of the bankrupt as to Arrow and others for want of notice to Arrow of the bar date. In this success Arrow was alerted to look for the new day. The order instructed the Referee to give "the affected creditors notice of the last day for the filing of objections to the bankrupt's discharge" and "[I]f no timely objections be filed, the Referee may then" grant a discharge, but "[I]f timely objections be filed" he should schedule a hearing thereon.

■ The importance of punctuality in interposing objections to the discharge is underscored by the maintenance of General Order 32 since 1939 specifically requiring "Any person opposing a discharge *shall, on or before the time fixed for the filing* of objections to the discharge, file a specification in writing of the grounds of his opposition". (Accent added.) Significantly, it omits the phraseology in the 1917 and prior

promulgations of the Order extending the filing time if enlarged by the judge. The omission first occurred in the 1933 amendment. In Lerner v. First Wisconsin Nat. Bank, 294 U.S. 116, 119, 55 S.Ct. 360, 79 L.Ed. 796 (1935), the language of the amended Order was declared "mandatory" and "strict compliance should be accorded".

If there be exceptions to this policy, or a discretion permitted the Referee or District Judge, we are not called upon to say, for no extraordinary circumstances or abuse of discretion appears here. Cf. Paully v. Magnotti, 182 F.2d 466, 468 (2 Cir.1950); Richey v. Ashton, 143 F.2d 442 (9 Cir. 1944); In re Meckler, 156 F. Supp. 20 (D.C.Md.1957).

Affirmed.