**In the Matter of Laurence SEMEL.**
**Laurence Semel, Appellant.**
**No. 17911.**

United States Court of Appeals,
Third Circuit.

Argued Oct. 20, 1969.

Decided April 21, 1970.

As Amended on Denial of Rehearing
June 9, 1970.

Laurence Semel, pro se.

Robert B. Wasserman, Newark, N. J. (Myron S. Lehman, Newark, N. J., on the brief), for the trustee, appellee.

KALODNER, STALEY and FREEDMAN, Circuit Judges.

## OPINION OF THE COURT

KALODNER, Circuit Judge.

The appellant Semel challenges the authority of a referee in bankruptcy to enter an order extending the time for filing objections to the discharge of a bankrupt without notice to the bankrupt.

The background facts are as follows:

Semel, an attorney, filed a voluntary petition in bankruptcy on April 11, 1968. An Order was entered fixing May 1, 1968, as the date for the first meeting of creditors, and September 1, 1968 as the last day for the filing of objections to the discharge of the bankrupt.

At a Section 21–A[1] hearing on May 28, 1968, Semel stated that he was owed "more than a quarter million dollars." On May 29, 1968, an Order was entered by the Referee directing Semel to furnish, within 30 days, a list of the persons who allegedly owed him the quarter million dollars. Semel never complied with this order.

On August 20, 1968, the Referee, on an *ex parte* application by the trustee in bankruptcy, entered a written Order extending the time for filing objections to Semel's discharge in bankruptcy from September 1, 1968 to September 27, 1968. The Referee's Order stated in part: "it appearing further that future examinations of the bankrupt concerning his acts and conduct with reference to the property of the within estate are necessary, and good and sufficient cause appearing for the making of the within order."

No notice was given to Semel of the entry of the August 20th Order and he first learned of its existence on or about September 10, 1968, when he received a copy of specifications of objections to his discharge filed at that time.

On September 26, 1968, Semel filed "Notice of Motion" stating that he would apply on October 8, 1968 for an Order vacating and setting aside the August 20th Order extending time for filing of objections, on the ground that the latter Order "did not comply with General Order No. 23." Following hearing on Semel's application on October 8, 1968, the Referee entered an Order that day denying it. On October 14, 1968 Semel filed a Petition for Review of the Referee's October 8th Order.

1. 11 U.S.C.A. § 44(a).

On November 22, 1968 the Referee denied the Petition for Review on the ground that "Section 14b of the Bankruptcy Act does not require notice of such applications to extend time [for filing of objections to discharge]."

The District Court affirmed the Referee's disposition on March 13, 1969 and this appeal followed.

Semel's challenge to the validity of the Referee's Order extending the time for filing objections to his discharge is premised on his contention that General Order in Bankruptcy 23,[2] requires that notice must be given of any order issued by a referee, and that General Order No. 23 provides that the Referee's Order should recite that notice was given.

General Order No. 23 provides:

"In all orders made by a referee, it shall be recited, according as the fact may be, that notice was given and the manner thereof; or that the order was made by consent; or that no adverse interest was represented at the hearing; or that the order was made after hearing adverse interests."

■ The Referee held in substance that Section 14b of the Bankruptcy Act, as amended,[3] grants a referee authority, either upon his own motion or upon motion of a receiver, trustee, or creditor of a bankrupt, to extend the time for filing objections to a discharge, free of the impact of General Order No. 23.

We agree.

Section 14b provides in relevant part as follows:

"If the examination of the bankrupt concerning his acts, conduct, and property has not or will not be completed within the time fixed for the filing of objections to the discharge the court may, upon its own motion or upon motion for the receiver, trustee, a creditor, or any other party in interest or for other cause shown, extend the time for filing such objections."

■■ It has long been settled that the Section's "discretionary power to extend the time for objections should be liberally construed." Collier on Bankruptcy, 14th ed. Vol. 1, Par. 14.06, p. 1279.

In the leading case of Dulaney v. Coppard, 145 F.2d 468 (5 Cir. 1944), cert. den. 325 U.S. 861, 65 S.Ct. 1199, 89 L. Ed. 1982 (1945), rehearing den. 325 U. S. 895, 65 S.Ct. 1409, 89 L.Ed. 2006, it was specifically ruled that a referee may extend the time for filing objections to a bankrupt's discharge without notice. There a referee in bankruptcy entered an order extending time for filing objections to discharge in bankruptcy without first giving bankrupt notice of his intention to do so. The District Court denied bankrupt's petition for Certificate of Review and the Fifth Circuit affirmed.

In doing so it said:

"The order appealed from was well within, and was a proper exercise of, the referee's authority. There is no merit whatever in the bankrupt's contention that the action of the referee in entering the extension order without first giving the bankrupt notice of his intention to enter it deprived the bankrupt of due process. *The statute does not make notice to the bankrupt a condition of entering such orders.* There is no evidence whatever that the entry of the order, without first notifying the bankrupt, deprived him of any constitutional right." (emphasis supplied). 145 F.2d 468.

In accord, see Texas & N. O. R. Co. v. Phillips, 196 F.2d 692, 694 (5 Cir. 1952), where it was held that an order of a referee extending the time for filing objections to a discharge "may * * * in the discretion of the referee, be entered with or without notice * * *."

Evidencing the wide range of the discretionary power of a referee in extending time for filing objections to a dis-

---

2. Bankruptcy Gen. Order 23, 28 U.S.C.A.

3. 11 U.S.C.A. § 32(b).

charge, it has been held that "a referee has the power to permit specifications objecting to discharge to be filed late, where good reason appears, and the delay is not for the purpose of putting improper pressure upon the bankrupt", without specifically granting an extension for the filing of such objections. Rameson Brothers v. Goggin, 241 F.2d 271, 273–274 (9 Cir. 1957). (footnotes omitted).

To the same effect see Matter of Cecil M. Jackson, Bankrupt (captioned "Matter of Cecil M. Jackson, Bankrupt v. Menick, Trustee"), 271 F.2d 806, 808 (9 Cir. 1959); Matter of W. Taylor Fithian, Bankrupt, 156 F.Supp. 877 (D.C. Md.1957); Matter of Joseph Meckler, Bankrupt, 156 F.Supp. 20 (D.C.Md. 1957); Matter of Massa, 133 F.2d 191 (2 Cir. 1943); In re Weidemeyer, 32 F. Supp. 809 (D.C.E.D.N.Y.1940).

In In re Legon, 85 F.Supp. 946, 947 (D.C.S.D.N.Y.1949) it was held that "the Referee could extend the time [for filing objections to a bankrupt's discharge] without entering a formal order." It was there said:

"The Referee had the power to extend the time for filing the specifications [to a discharge], if in his discretion sufficient reason existed for taking such action. In re Weidemeyer, D.C.E.D.N.Y., 1940, 32 F.Supp. 809, and the *Referee could extend the time without entering a formal order.* In re Massa, 2 Cir., 133 F.2d 191." (emphasis supplied).

In re J. & M. Doyle Co., 130 F.2d 340 (3 Cir. 1942), and In re Buchwald, 133 F.Supp. 880 (D.C.S.D.N.Y.1955), cited by Semel in support of his challenge to the referee's order here are factually inapposite. Neither case concerned the referee's entry of an order granting an extension of time for the filing of objections to a bankrupt's discharge.

For the reasons stated, the Order of the District Court denying Semel's Petition for Review will be affirmed.

## OPINION OF THE COURT

### PER CURIAM.

In our opinion filed April 21, 1970, we stated, regarding the order of the reference of May 29, 1969 directing Semel to furnish a list of the persons who allegedly owed him a quarter of a million dollars, that "Semel never complied with this order."

Appellant has filed a petition for rehearing in which he claims that he did in fact comply with the order on November 13, 1969, which is approximately one month after the argument before us and is, of course, a matter of which we would have had no knowledge. Appellant also claims in the petition for rehearing that he was never in default despite his apparent delay in compliance, because a stay order in the proceedings below suspended the order.

We do not, of course, pass upon the accuracy of these claims, but we do believe it appropriate to note them as having been made by appellant in his petition for rehearing. They do not affect the ultimate merits of the decision we rendered.

The Opinion of the panel filed April 21, 1970 may therefore be deemed amended as stated herein.