## Matter of Mary BUCHWALD, trading as Buchwald's Furs and as Buchwald Buying Service, Bankrupt.

United States District Court
S. D. New York.
Aug. 5, 1955.

Nachamie & Benjamin, New York City, Leonard Bronner, Jr., New York City, of counsel, for bankrupt.

Jay H. Siskin, New York City, for Bernard Buchwald.

Samuel Kaufman, New York City, for trustee in bankruptcy.

DAWSON, District Judge.

There are presented to the Court petitions of Mary Buchwald and Bernard Buchwald, her son, to review an order of Referee John E. Joyce denying their respective motions to dismiss the trustee's petition for a turnover order.

It appears that on March 31, 1955, there was filed a petition of the trustee for an order requiring the bankrupt Mary Buchwald and her son, Bernard Buchwald, to surrender possession and to turn over to the trustee 64 fur garments for which it was alleged bankrupt and

her son had failed to account or, in lieu thereof, the minimum proceeds therefrom of $59,216 and an order to show cause, based on said petition, directing Mary Buchwald and Bernard Buchwald to show cause why an order should not be made as prayed for in the petition. The file shows that the order to show cause was served personally upon Mary Buchwald. There is no proof of personal service upon Bernard Buchwald, but the order to show cause has on it the statement: "Copy Rec'd, J. H. Siskin, Attorney for Bernard Buchwald, 3/29/55".

Thereafter, Mary Buchwald and Bernard Buchwald brought on a motion to dismiss the petition on various grounds. This petition was denied by the Referee by an order dated June 13, 1955. It is this order denying the petition which is now before the Court for review.

As far as appears from the file, no turnover order has yet been issued by the Referee. He has simply failed to dismiss the petition.

Bernard Buchwald moved to dismiss the petition, upon which the order to show cause is based, on the ground that the Court had no jurisdiction over him. He alleged that he is, and has been for some time, a resident of the State of Michigan; that no personal service of the order to show cause was made upon him; and that the admission by an attorney that he had received a copy of the order to show cause was not a consent by him to the jurisdiction of the Court. He points out that this attorney promptly filed an answer on his behalf in which he contested the jurisdiction of the Court.

Order 23 of the General Orders in Bankruptcy, 11 U.S.C.A. following section 53, requires that in all orders made by a Referee, "it shall be recited, accordingly as the fact may be, that notice was given and the manner thereof  *  *  *." No such statement appears in the order of the Referee dated June 13, 1955.

The statement by an attorney that he has received a copy of an order to show cause and that he is an attorney representing one of the persons named in the order to show cause is not necessarily an admission of personal jurisdiction over that defendant, particularly where the attorney immediately, on behalf of that client, files an answer denying the jurisdiction of the Court over his client.

The jurisdiction of this Court would not extend to a respondent in another state unless he voluntarily appeared or was served with process in this State. See Collier on Bankruptcy, 14th Ed., Vol. 1, p. 174. An attorney who appears for a client is presumed to be authorized to make such appearance in the absence of countervailing evidence. However, the admission by an attorney of receipt of an order to show cause is not the equivalent of a general appearance by him on behalf of the non-resident client.

In fact, since failure to comply with a turnover order constitutes a contempt which may be punished by incarceration, the petition and order to show cause should ordinarily be served on the respondent personally. See Menin & Herzog, Bankruptcy Forms and Practice, 3d Ed., 1954, p. 345, Note.

The petition of Bernard Buchwald for review is sustained, and so much of the order of the Referee as fails to dismiss the petition for an order to show cause on the ground that the Court is without jurisdiction over this respondent is reversed.

So much of the petition as seeks to review the dismissal of the order to show cause against Mary Buchwald and for summary judgment thereon is denied. The turnover order to be issued may take into account that it is issued against the bankrupt individually, rather than jointly against the bankrupt and her son.