David Haar, New York City, for Samuel Newfield, Trustee.

Rothstein & Korzenik, New York City, for Nortex Trading Corp., Appearing Specially; Harold Korzenik and Jerome Weisberger, New York City, of counsel.

METZNER, District Judge.

 Nortex Trading Corp., a claimant in the above-entitled bankruptcy proceeding, seeks to review an order of a referee in bankruptcy denying its motion to vacate the service of an order to show cause. Nortex contends that jurisdiction is lacking because of failure to effect personal service of the order to show cause.

The proof of claim filed by Nortex contained a printed form of power of attorney in favor of its attorneys with the additional words "and to receive all notices in the proceedings" typed in.

Subsequently, the trustee petitioned the referee to issue an order to show cause why Nortex should not turn over to the trustee the sum of $118,599.63 and striking out its proof of claim until such payment is made, on the ground that Nortex had received a preference.

The order further provided that service be made upon Nortex or its attorneys. Service was effected only upon the attorneys.

Petitioner contends that lack of personal service renders the proceedings nugatory because failure to comply with any order entered upon the request for turnover could result in proceedings to punish it for contempt.

Section 57, sub. g of the Bankruptcy Act (11 U.S.C.A. § 93, sub. g) provides that the claims of creditors who have received preferences shall not be allowed unless the creditors shall surrender such preferences. When the petitioner filed its notice of claim and appeared by attorney, he subjected himself to the jurisdiction of the court insofar as this section is concerned. While I am of the opinion that this alone is sufficient to justify service of the order to show cause upon the attorney (2 Collier, Bankruptcy ¶ 23.10 n. 57 at 577, 14th ed. 1961; General Order 4, 11 U.S.C. foll. § 53), the wording of the power of attorney would cover any deficiency in this regard.

■ The cases relied upon by the petitioner are not in point. In Maggio v. Zeitz, 333 U.S. 56, 68, 68 S.Ct. 401, 92 L.Ed. 476 (1948) the Court in characterizing a turnover proceeding as "a separate one" was referring to the fact that it was separate from contempt proceedings instituted to force compliance with the turnover order. In In re Rival Knitting Co., 289 F. 960 (2d Cir. 1923) and In re Buchwald, 133 F.Supp. 880 (S.D. N.Y.1955) the person against whom the turnover proceeding was directed was not a party to the bankruptcy proceedings and clearly in such cases the initial notice should have been served personally upon the individual. The reference to 5A Remington, Bankruptcy § 2425 (5th ed. 1953) does not sustain the petitioner's position. The quoted portion from that authority is to the effect that personal service is a requisite to make an order to show cause binding, and cites Rival, which I have already adverted to and distinguished from the facts in this case. Petitioner has omitted the previous sentence which reads:

"As to one, such as the bankrupt, who is already a party to the proceedings, ordinary motion practice may be pursued without recourse to the more formal citation or show cause order." 5A Remington, supra at 198.

The fact that in such cases a show cause order is used to initiate a request for relief instead of a notice of motion does not thereby require personal service of the show cause order.

The order of the referee is affirmed. So ordered.